## JARED SHAW AND WIFE vs. THE CITY OF WATERBURY.

The declaration in a suit against a city for an injury from a defect in a highway, alleged that the highway was defective from the want of a railing along the sides thereof at a place where it was unsafe without one, but did not allege

46 263
58 52
46 263
59 221
46 263
63 269
46 263
66 391
46 263
69 285
46 263
77 164

that the highway was so raised above the adjoining ground as to be unsafe, the statute requiring a railing only where it was so raised. Held that the defect, if it was one, was cured by the verdict.

The statute (Gen. Statutes, tit. 16, ch. 7, sec. 10,) provides that no suit shall be maintained against a town or city for an injury from a defective road or bridge, unless written notice of such injury, and of the time and place of its occurrence, shall be given to the town or city within sixty days. A notice of such an injury stated that it occurred on the 16th of April, 1876. The court charged the jury that the notice was sufficient if the injury occurred at any time in the months of April or May. Held to be error.

The statute intended such precise information of the time and place of any such injury as would enable the officers of the town or city to inquire into the facts of the case intelligently.

ACTION on the statute with regard to highways and bridges; brought to the City Court of the city of Waterbury and tried to the jury before *Cowell, J.* Verdict for the plaintiffs, and motions in error and for a new trial to the Superior Court, which motions were by that court reserved for advice. The case is fully stated in the opinion.

*S. W. Kellogg*, in support of the motions.

*J. W. Webster* and *J. O'Neil*, contra.

PARDEE, J. The statute (Gen. Statutes, page 232, sec. 9,) provides that the "party bound to maintain any bridge or road shall erect and maintain a sufficient railing or fence on the side of such bridge, and of such parts of such road as are so made or raised above the adjoining ground as to be unsafe for travel."

The plaintiffs brought an action upon this statute to the City Court of the city of Waterbury, in which they alleged that on the 16th day of April, 1876, a highway which it was the duty of the defendants to maintain in sufficient repair, was defective for the reason that no railing had been erected along the sides thereof at a place where it was unsafe without a barrier; and that on said day one of the plaintiffs was passing along said way when, by reason of the defect aforesaid, she was thrown down a steep bank and injured.

Upon the trial the defendants asked the court to instruct the jury that, to entitle the plaintiffs to recover, it must be alleged in the declaration that the part of the highway where

the accident happened was so made or raised above the adjoining ground as to be unsafe for travel. But the court charged the jury that it was a question of fact for them to determine whether the highway was safe at that point.

The plaintiffs offered evidence to prove that, on the 12th day of June, 1876, they gave to the defendants a written notice in words as follows:—"To the clerk of the city of Waterbury. You are hereby notified that on the 18th day of April, 1876, Caroline Shaw, of Waterbury, received serious injuries by reason of a defective highway, which defect consists in there being no railing along the side thereof; the same being the Watertown road, so called, near the residence of Israel Holmes. Waterbury, June 3d, 1876.

(Signed)      JARED SHAW."

The defendants objected to this as being insufficient under the statute; but the court received it.

The plaintiffs having recovered a verdict, the defendants filed a motion in error, assigning that the court erred in deciding that the declaration and notice were sufficient; together with a motion for a new trial.

Assuming that there was a defect in the pleadings, it was cured by the verdict. The action is based upon the statute concerning highways; the allegations are, that it was the duty of the defendants to keep a certain way in repair, and that they had failed to discharge this duty, in this particular, that they had not erected a railing at a point upon this way where it was unsafe without such barrier. From these allegations, and from the verdict, it is a fair and reasonable intendment that, under the general issue, proof was made that the way was so raised above the adjoining ground as to be unsafe, for the purpose of showing that the absence of a railing constituted a defect. The statute compels the erection of a railing at points where the way is so raised as to be unsafe without it; and it is not to be presumed either that the court would direct the jury to give, or that the jury would have given the verdict, unless proof had been made that the way was so constructed as to bring the statutory obligation into being. 1 Chitty Pl., 673.

The tenth section of the same statute provides that no action for an injury such as the plaintiffs complain of, shall be maintained against any city or town, "unless written notice of such injury, and of the time and place of its occurrence," shall be given to the selectmen of a town or clerk of a city.  The obvious purpose of this requirement is that officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently.  The court instructed the jury that if the accident occurred at any time between the first day of April and the last day of May, a notice stating that it happened on the 16th day of April was sufficiently precise; in effect declaring that a variation of forty days was immaterial.  This is not a statement of the time of the occurrence of the injury within the true intendment and meaning of the statute; indeed, it is simply to nullify it.

There should be a new trial.

In this opinion the other judges concurred.