ADDISON T. GARDNER *vs.* THE CITY OF NEW LONDON.

New London Co., May T., 1893. ANDREWS, C. J., CARPENTER, TOR-
RANCE, BALDWIN and THAYER JS.

It is provided by Gen. Statutes, § 2673, that no action for an injury from a
defective highway or bridge shall be maintained against any town or
city, " unless written notice of such injury, and of the nature and
cause thereof, and of the time and place of its occurrence " shall be
given within a certain time prescribed. An injury occurred on the
2d day of May, but the notice, which was otherwise correct, stated that
it occurred on the 5th day of May. Held to be a fatal defect.

And it made no difference that the defendant was not misled by the error.

And advantage could be taken by the defendant of the want of legal notice
upon a hearing in damages after a default had been suffered.

[Argued May 31st—decided July 6th, 1893.]

ACTION to recover for the loss of a horse caused by a de-
fect in a highway of the defendant city; brought to the
Superior Court in New London County. The defendant
suffered a default and the case was heard in damages before
*Fenn, J.* The only defense was the want of legal notice of
the injury under the statute. Damages assessed at a nomi-
nal sum and appeal by the plaintiff. The case is fully stated
in the opinion.

*A. P. Tanner* and *C. A. Gallup*, for the appellant, con-
tended that the notice given was sufficient under the statute,
the whole object of which was to give the officers of the mu-
nicipality information which would enable them to investi-
gate the matter intelligently; that the officials were not to
depend upon the notice but were to inquire diligently into
the facts; that in this case they were not misled but at once
obtained correct information as to the time of the accident;
and that advantage could not be taken of the defect, if it was
one, on the hearing in damages, the default being a waiver
of the defect, and admitting the plaintiff's cause of action.

*A. Brandegee* and *W. C. Noyes*, for the appellee.

Gardner *v.* City of New London.

TORRANCE, J. This is an action brought to recover damages for the loss of a horse by reason of a defective highway in the city of New London.

The accident happened on the second day of May, 1892, but the statutory notice thereof given to the defendant stated that it occurred on the fifth day of that month. The notice itself is not set out in the complaint, it being merely alleged therein that the injury occurred on a given day, and that due notice of the injury, of its nature, and of the time, place and cause of its occurrence, was given to the defendant within the proper time. The case was defaulted and heard in damages. Upon that hearing, without objection, the defendant offered and the court received in evidence a copy of the statutory notice.

The court found that the injury occurred on the second day of May, 1892; was caused entirely by the negligence of the defendant, without any contributory negligence on the part of the plaintiff; and that the horse was worth four hundred dollars. It further found, in substance, that the defendant was not in fact misled by the notice; that the defendant's street commissioner had his attention called to the injury on the day of its occurrence; and that the next day the defendant through its officials inspected the place of the accident and made a memorandum of the date of its occurrence. No reason was shown why or how the date came to be misstated in the notice. Thereupon the plaintiff claimed, in substance, first, that the notice was a sufficient legal notice under the statute, and second, if it was not, that after the defendant had suffered a default it could not take advantage of the defect in the notice, nor could the same be considered for the purpose of reducing damages to a nominal sum. The court, contrary to the plaintiff's claims and solely on account of the defective notice, rendered judgment for the plaintiff for nominal damages.

The record presents for consideration two important questions—first, whether the notice was a sufficient legal notice under the statute; and second, if not, whether after the de-

fault the defendant could take advantage of this and have it considered on the question of damages.

The answer to the first question depends entirely upon the construction of section 2673 of the General Statutes of this state, which reads as follows :—" Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair ; but no action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury, and of the nature and cause thereof, and of the time and place of its occurrence," shall be given in the manner therein prescribed.

As first passed in 1874 the statute only required written notice of the injury and of the time and place of its occurrence, but in 1883 it was amended so as to require notice of the " nature " and " cause " of the injury as well.

Questions involving the legal sufficiency of notices given under this statute, both before and since it was amended, with reference to the statement of the " injury," and of its " cause " and " nature," and of the " place " of its occurrence, have been frequently before this court. See the cases of *Shaw* v. *City of Waterbury*, 46 Conn., 263 ; *Tuttle* v. *Town of Winchester*, 50 id., 496 ; *Cloughessey* v. *City of Waterbury*, 51 id., 405 ; *Brown* v. *Town of Southbury*, 53 id., 212 ; *Biesiegel* v. *Town of Seymour*, 58 id., 43 ; *Lilly* v. *Town of Woodstock*, 59 id., 219. In two of these cases, *Shaw* v. *City of Waterbury* and *Lilly* v. *Town of Woodstock*, the statement in the notice of the " time " of the injury was involved to some extent, but the precise point made in the case at bar has not before been presented for determination.

The statute in express terms requires the notice to be in writing, and prescribes the substance of what it shall contain. The requirements of the statute are formalities in a certain sense, but they are formalities the observance of which is made essential, for it has been determined that the giving of the statutory notice is in the nature of a condition precedent to the right of the plaintiff to maintain his action. *Hoyle* v. *Town of Putnam*, 46 Conn., 61 ; *Fields* v. *Hartford & W.*

*Horse R. R. Co*, 54 id., 9; *Biesiegel* v. *Town of Seymour*, 58 id., 43.

The statement of the time of the injury is in this way made essential, and the question made by the plaintiff is whether the notice must state the time truly and according to the fact. He contends that it need not do so, but may state that the injury occurred on one day, although in truth it occurred on another.    We cannot assent to such a construction.

The legislature in passing this statute evidently regarded the precise identification of an accident or "injury" of this kind as a matter of some importance, for having at first, as we have seen, prescribed that the notice should contain only a statement of the injury, and of the time and place of its occurrence, it afterwards required it to contain a statement of the "nature" and "cause" of the injury; thus adding to its requirements for the apparent purpose of furnishing the party liable with such a notice of the event in permanent form as would render mistake and dispute almost impossible.    Now time is often an important element in the identification of a given transaction.    For all practical purposes an event which begins and ends on any given day is quite distinct from and quite other than an event which begins and ends on another day.    Doubtless an accident or "injury" might be with reasonable ease identified without a statement of the time, but the legislature for reasons of its own has seen fit to prescribe and make essential the statement of the time of the injury, and we cannot dispense with it by construction.    To do so would be to repeal the statute rather than to ascertain what it means.

The statute then requires the "time" of the injury to be stated in the notice, and the natural and ordinary mode of stating the "time" of an event which begins and ends within the compass of a day, unless more particularity is required, is to state the day on which it occurred, together with the month and year in the common and ordinary manner, and this we think is what the legislature intended by the word "time" as used in the statute in question.    This court has quite recently held that it is sufficient to thus state the day,

and that the hour need not be stated. *Lilly* v. *Town of Wood-stock,* 59 Conn., 219.

But if the law requires the day of the injury to be stated in a written notice, surely it must mean the true day. There can be only one "time" of the injury, and that is the one day on which it occurred. Notice of this "time" is to be put in permanent form and handed to the party liable for his information and guidance. Upon that notice the party liable is entitled to rely. Now if such notice need not set forth the true day of the injury, then it may set forth any other at the whim of the plaintiff, for if the day of the injury is once departed from we have no guide as to what other day shall be stated.

The statement of the true day is not only deemed important to the party liable for the purpose of identifying the injury, but also that he may know whether the notice has been given within the proper time. In cases of injury from ice and snow this becomes quite important, because the notice must be given within so short a time after the injury.

Now if the notice may set forth any day as the day of the injury, such a notice as to time is not only useless, but it is positively harmful and misleading. It not only gives no information as to the time of the injury, but it gives false information.

It is hardly supposable that such a result could have been contemplated by the legislature. The true date must in nearly every case be well known to the plaintiff or to his friends or agents, or it can be easily ascertained, and it is no hardship to require him to state it truly in the notice.

But the plaintiff says, and truly, that a reasonable latitude of description is allowed in stating in the notice the other matters which it must contain, and he cites several cases in support of this statement.

Thus, in *Tuttle* v. *Town of Winchester,* 50 Conn., 496, the court says :—"It is obvious that in many cases exactness of statement as to the place cannot be expected. * * * In such cases reasonable definiteness is all that can be expected or should be required. If the description of the place will en-

able the town, city or borough, through its proper officers, to ascertain the place by the exercise of reasonable diligence for the purpose, it will be sufficient."

In *Brown* v. *Town of Southbury*, 53 Conn., 212, in speaking of the notice of the " nature " of the injury, it is said that " a general description, which will reasonably apprise the selectmen of the general character of the injury, is all that is required," and in *Lilly* v. *Town of Woodstock*, 59 Conn., 219, the court, with reference to the statement of the " cause " of the injury, held the notice to be sufficient, and said :—
" The notice stated the place correctly, named the dangerous embankment as the cause, and thus gave the selectmen the opportunity to examine and procure evidence of the condition of the road at the time of the accident, which it was one object of the statute to afford them." Other cases might be cited to the same effect. The plaintiff argues that the same latitude as to the statement of the time of the injury ought to be allowed.

But the reasons why such latitude of description is allowed in setting forth the " cause " and " nature " of the injury and the " place " of its occurrence, have but little or no application as to the " time." The " place," " cause," and " nature," of an accident are clearly susceptible of being stated with greatly varying degrees of completeness and accuracy. A full, accurate and complete description of each in a strict sense is practically impossible, and so the law contents itself with less. If they are truly described with such a reasonable degree of certainty that ordinary men in the exercise of ordinary intelligence under the circumstances can learn from the notice the nature of the injury and be able to ascertain by the use of ordinary diligence the place where it occurred and the cause that occasioned it, that is enough. To require more would be to impose a burden on the plaintiff for no good purpose.

Such a notice, it will be observed, even though it does not state the " cause " and " nature " of the injury and the " place " of its occurrence with all possible fullness and particularity, still does state these matters truly and in accordance with

the facts and thereby fully complies with the statute. Such a construction of the statute is thus seen to be a reasonable one, founded upon a practical necessity arising out of the very nature of things. It fully subserves the objects and purposes of the statute and leads to no bad results. But with reference to " time " the case is quite otherwise. The time element in any transaction is always simple, and can be easily and definitely stated. If the true day is known it is no more difficult to give that than it is to state the wrong day ; and in most cases the true day is known to the plaintiff or can be easily ascertained by the exercise of ordinary diligence.

Besides, as we have seen, he is not required to state the precise minute or hour of the injury, and this is perhaps a reasonable latitude as to time and all that can be allowed without defeating every conceivable purpose which the statement of the time was intended to subserve. To allow more, to allow the plaintiff to state that the injury occurred on a day other than the true one, is in effect to repeal the statute rather than to construe it ; for the statute requires the time to be stated, and this certainly cannot be done by stating a day on which the injury did not occur.

For these reasons we think the notice in the case at bar was fatally defective. In view of the peremptory language of the statute it seems to us of no importance that the city was not in fact misled, or that it had full notice of the time from sources other than the notice. The plaintiff's right to maintain his action must be determined by the sufficiency of his notice, and not by the fact that the defendant obtained from sources other than the notice full knowledge of the time of the injury.

The next question is, whether after the default the plaintiff could take advantage of the invalidity of the notice, offer evidence of such invalidity, and have it considered on the question of damages.

The declaration alleged in substance and in proper form that the statutory notice had been given to the defendant. One of the plaintiff's claims is in substance that by suffering

a default the defendant conclusively admitted that such notice was given, and that evidence of its invalidity, even if received without objection, ought not to have been considered by the court.

This makes it necessary to consider very briefly what matters, in cases like the one at bar, under our practice may be contested by the defendant upon a hearing in damages after a default or demurrer overruled, for the purpose of keeping the damages down to a nominal sum.

As a general proposition it must now be regarded as conclusively settled that a defendant in such a case and for such a purpose may contest his liability for any damages whatsoever; may show if he can that the plaintiff is entitled to nominal damages only, because in reality and but for the default or demurrer he is entitled to none; may offer evidence of any fact tending to prove such non-liability as if no demurrer had been interposed or default had been suffered; although such fact as the basis of a judgment for nominal damages had been conclusively admitted. The following cases, among others that might be cited, support this proposition. *Havens* v. *Hartford & New Haven R. R. Co.*, 28 Conn., 69; *Lamphear* v. *Buckingham*, 33 id., 237; *Daniels* v. *Town of Saybrook*, 34 id., 377; *Carey* v. *Day*, 36 id., 152; *Batchelder* v. *Bartholomew*, 44 id., 494; *Shepard* v. *New Haven & Northampton Co.*, 45 id., 54.

For the purpose indicated and after a default suffered or demurrer overruled the defendant has been permitted to show that an assault by the servants of a railroad company was justifiable, and so was in law no assault; *Havens* v. *Hartford & New Haven R. R. Co.* (*supra*); that the defendant was not guilty of negligence and that the plaintiff was guilty of contributory negligence; *Daniels* v. *Town of Saybrook* (*supra*); that a highway was not in fact defective and out of repair; *Taylor* v. *Town of Monroe*, 43 Conn., 36; that the defendant in fact committed no trespass either to the real or personal property of the plaintiff; *Rose* v. *Gallup*, 33 Conn., 338; that the injury happened through inevitable accident; *Batchelder* v. *Bartholomew* (*supra*); that a claimed trespass

was in law no trespass because the acts were done under a contract with the plaintiff which amounted to a license; *Merriam* v. *City of Meriden*, 43 Conn. 173; that the wrong and injury proved were not the wrong and injury alleged in the complaint; *Shepard* v. *Hartford & New Haven R. R. Co.* (*supra*). In all these cases evidence was received which went directly in denial of the defendant's liability for any damages whatsoever, and the defendant was not limited to evidence relevant merely upon the amount of injury or damage which the plaintiff had sustained.

The right of the defendant upon a hearing in damages to controvert for one purpose the liability which he has conclusively admitted for another, follows necessarily from the principles which underlie our practice in cases of this kind. Such an admission is a strictly limited one, made for a special and limited purpose, namely as the basis of a judgment for nominal damages, and for that purpose it is conclusive.

" The silent defendant having been subjected to a judgment for nominal damages from which no proof can relieve him, the default has practically exhausted its effect upon the case; for if the plaintiff is unwilling to accept this judgment, evidence is received on his part to raise the damages above, and on the part of the defendant to keep them down to, that immovable base of departure the nominal point, *precisely as if the general issue had been pleaded.*" *Batchelder* v. *Bartholomew*, (*supra*.) " If, in proving the extent to which he was in fault, the defendant prove he was not in fault at all, and that the injury occurred through the fault of the plaintiff, the plaintiff cannot complain. The evidence does not deprive him of his right to judgment; it merely shows that, as he is not in fact entitled to any damages, he can only have such as the law gives him by reason of the admissions on the record." *Lamphear* v. *Buckingham*, 33 Conn., 251. " It would seem to follow as a necessary consequence that if nominal damages only can be given without further proof, the defendant may contest his liability, so far as the plaintiff seeks by proof to enhance the damages beyond a nominal sum." *Rose* v. *Gallup*, 33 Conn., 346. " The defendants

by their omission to deny them are held to have admitted the truth of all well-pleaded material allegations in the declaration and the consequent right of the plaintiff to a judgment for a limited sum, that is, for nominal damages and costs, without the introduction of evidence. This is the extent of the advantage gained by the plaintiff from that omission; if he is not satisfied with nominal, and seeks greater damages, he must proceed to prove the amount, and the declaration, so far forth as the increased amount is concerned, remains subject to the rules of pleading and evidence, and the proof must follow the allegations as closely as if the case stood upon the general issue." *Shepard* v. *Hartford & New Haven R. R. Co.*, 45 Conn., 58.

Read in the light of the decision in *Crane* v. *Eastern Transportation Line*, 48 Conn., 361, the cases cited and quoted from state the principle which underlies our practice in this class of cases correctly, and clearly show that the admission made by the defendant in the case at bar was a limited one, leaving the defendant at liberty to show, if it can, that the plaintiff is entitled to nominal damages only, because he is really and but for the default entitled to none. The evidence which was offered, received and considered in the case at bar as to the invalidity of the notice, went directly to show that the defendant was not liable at all for want of the statutory notice.

If the defendant, notwithstanding a default, may show its non-liability because of the absence of negligence on its part or the presence of contributory negligence on the part of the plaintiff, in order to keep the damages down to the nominal point, we see no good reason why, under the same circumstances and for a like purpose, it may not show its non-liability for the want of a statutory notice. Without the giving of such notice, as we have seen, the plaintiff's claim was a baseless one, and the defendant was not legally liable for any of the loss or damage sustained. Upon principle as well as upon authority we think the defendant was clearly entitled to offer evidence tending to show its non-liability for want of

a notice, and to have such evidence considered as was done by the court below.

What has already been said is perhaps a sufficient answer to the further claim of the plaintiff, to the effect that the default was a waiver of the defendant's right to insist upon the want of notice for any and all purposes.

Whether the defendant could legally make such a waiver we need not discuss nor decide, for the record nowhere shows that it made or attempted to make it. A waiver is a matter of intention, outwardly manifested in some unequivocal manner. The waiver here insisted upon is claimed to arise wholly from the mere act of suffering a default and as a legal consequence of it. But, as we have seen, the law of this state attaches no such consequence to such an act. After the default the defendant could still insist upon the want of notice for the purpose of keeping the damages down to the nominal point. There is nothing upon the record which shows that it waived that right.

For the reasons given there is no error.

In this opinion the other judges concurred.