ELLA CANTER, Respondent, v. THE CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, November 4, 1907.

1. **MUNICIPAL Corporations: Personal Injury: Notice of Suit: Wrong Date.** A notice in substantial compliance with the requirements of section 5724, Revised Statutes 1899, is a condition precedent to the right to recover for a personal injury resulting from the negligence of a municipality, and the correct time is one of the essential elements of such notice; but where there are two dates in the notice, one of which is correct, the notice is not vitiated and does not mislead.

2. ————: ————: **Contributory Negligence: Driver of Vehicle: Instruction.** If a party's own negligence concurring with that of the driver of her vehicle, contributed with the city's negligence to produce her injury she cannot recover, and if she knows of her driver's negligence she cannot passively acquiesce therein, but should insist upon greater care in the driving; and an instruction set out in the opinion is approved.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

REVERSED AND REMANDED.

*W. B. Norris* and *O. E. Shultz* for appellant.

(1) The demurrer offered by defendant at the close of the case and after all the evidence was introduced should have been sustained for the reason that the notice served upon the mayor of the city failed to allege the correct date of the injury received. For the reason that there was a variance in the evidence introduced as to the time of the injury received and the time stated in the notice. R. S. 1899, sec. 5724; Gardner v. New London, 28 Atl. 42; Larkin v. Boston, 128 Mass. 522; Freligh v. Directors of Sogrates, 70 Hun 589, 24 N. Y. Supp. 182; Donnelly v. Fall River, 132 Mass. 299; White v. Stowe, 54 Vt. 510; Lilly v. Woodstock, 59 Conn. 219, 22 Atl. 40; Giddings v. Iowa, 54 Vt. 346; Taylor v. Inhabitants of Woburn, 130 Mass. 498; Sherry v. Rochester, 62 New Hampshire 346; Lyons v. St. Joseph, 112 Mo. App. 683; Lincoln v. Grant, 56 N. W. 995; Trost v. Caselton, 79 N. W. 1071; Gardner v. New London, 28 Atl. 42; Fields v. Railroad, 4 Atl. 105.

(2) The court committted error in permitting plaintiff's witnesses, over the objection of defendant, to testify that in their opinion, Saunders, the driver of the horse and buggy, from which plaintiff was thrown, did everything that could be done to manage and control the horse at the time plaintiff was injured. This was error for the reason that it was defendant's contention that Saunders was driving carelessly and that his negligence was plaintiff's negligence, if she had knowledge of same. It therefore became a question for the jury to pass upon and not for the witness. Sparr v. Willman, 11 Mo. 230; King v. Railroad, 98 Mo. 235; Gregory v. Chambers, 78 Mo. 294; Railway v. Stock Yards Co., 120 Mo. 541.

*Allen & Nichols* for respondent.

(1) Appellant complains that the trial court refused to give instruction numbered seven asked for by

appellant. The instructions given by the trial court
fairly and properly submitted the proposition contained
in appellant's refused instruction. It is therefore im-
material whether the court refused this instruction, con-
ceding that the instruction was a correct declaration of
law. Dickson v. Atkinson, 86 Mo. App. 25; Yocum v.
Town of Trenton, 20 Mo. App. 489; Owens v.
Railroad, 95 Mo. 169. (2) Appellant complains
that the notice required by Statute to be served
on the Mayor is insufficient to support respondent's
action. We respectfully submit that in passing on the
sufficiency of this notice, the court will apply the same
liberality in construing a notice as to the date of the in-
jury, as it would if the place or the circumstances of
the injury were in question. Reno v. St. Joseph, 169 Mo.
655; Dalton v. Salem, 136 Mass. 279; George v. Edel-
brock, 97 Mo. App. 63; Lyons v. St. Joseph, 112 Mo.
App. 681; Lincoln v. O'Brien, 77 N. W. 76; Hammock v.
Tacoma, 40 Wash. 539; Cloughessey v. Waterbury, 51
Conn. 405. (3) Notice of injury is properly given and
the claim is properly presented, by delivering a copy of
the original written notice to the Mayor. Kelley v.
Minneapolis, 79 N. W. 653; Ljungberg v. Village, 92 N.
W. 401; Williams v. Brummel, 4 Ark. 129; Deimel v.
Obert, 20 Ill. App. 557. (4) Defect in notice, being
a mere clerical error should be disregarded, in the ab-
sence of testimony that city was misled. Kleyly v. Os-
wego, 95 N. Y. S. 879; Bell v. Spokane, 71 Pac. 31;
Strange v. St. Joseph, 112 Mo. App. 633; Burnett v. St.
Joseph, 112 Mo. App. 668; Reno v. St. Joseph, 169 Mo.
655; R. S. 1899, sec. 865; Franke v. St. Louis, 110 Mo.
552.

JOHNSON, J.—Action against St. Joseph, a city of
the second class, to recover damages for personal inju-
ries alleged to have been caused by the negligence of
defendant in permitting an obstruction to remain in the

roadway of one of its public thoroughfares. Plaintiff had judgment in the sum of $1,900.

It is insisted that the jury should have been directed peremptorily to return a verdict in favor of defendant for the reason that the notice given by plaintiff, under the provisions of section 5724, Revised Statutes 1899, gave the 4th day of December, 1905, as the date of the injury, while the allegations of the petition and the proof show the event occurred one week later. The notice delivered to the mayor on the 14th day of December, three days after the injury, was as follows: (Formal parts omitted).

"You and each of you are notified that on Monday, the 4th day of December, 1905, while affiant, Ella Canter, was riding in a buggy drawn by one horse driven by her brother, George Saunders, on and along the east side of King Hill avenue, in the city of St. Joseph, Missouri, northward, the said horse became frightened by means of a street car approaching from the south going northward with great noise and speed. That said horse first attempted to run away, but being unable to do so, jumped to the right, causing the right wheel of said buggy to come in contact with and run against and over a large block of frozen earth and rock, causing said buggy to be so tilted as to throw this affiant, Ella Canter, with the baby in her arms, out onto the brick pavement on said street, breaking her right arm, cutting her head and face, injuring her eye and spraining her back, and hurting her internally and throughout her body. Affiant, Ella Canter, further states that said block of frozen dirt and rock was from twelve to seventeen inches thick and about three feet long and two feet wide, that several weeks prior to the time when affiant was injured said block of frozen dirt and rock slid down from the bank at the east side of said King Hill avenue onto and to the distance of 4½ feet within the main part of said King Hill avenue and west of the stone gutter on the east side there-

of, and which stone gutter was on the line between the sidewalk and main traveled street; that said block of frozen dirt and rock for a long time prior to the said 11th day of December, 1905, to-wit: for a space of about one month, remained in and on said street, King Hill avenue as aforesaid; affiant further states that said block of frozen dirt and rock and the place where said affiant, Ella Canter, was injured was at and near a street-railway trolley pole near the curb line on east side of said King Hill avenue, which said trolley pole counting from the south end of the South Sixth street viaduct southward on the east side of said King Hill avenue being about 1,800 feet south of the south side of South Sixth street viaduct, in the city of St. Joseph, Missouri, and measuring south along the east side of said King Hill avenue. Affiant further states that the cross streets in this vicinity are not marked, laid out or numbered, and that she cannot give a more definite description of the place where she was injured, as aforesaid, but that it was at a point about one hundred feet south of where Deer street if extended east would intersect King Hill avenue, in St. Joseph, Missouri. Affiant further states that she does and will claim damages of the city of St. Joseph, Missouri, on account of said injuries sustained by her, and that she will institute a suit in the circuit court of Buchanan county, Missouri, for the purpose of recovering such damages as may fairly compensate her for such injuries."

It will be observed that the 4th day of the month first is specified as the date of the occurrence, but in a subsequent place, that event is referred to as though stated to have occurred on the 11th. One of the attorneys for plaintiff in his testimony accounts for this apparent discrepancy in this manner: The original notice was written by him in longhand and when he inserted the date appearing first therein, he erroneously wrote "Monday, the 4th day of December, 1905." Discovering

the mistake, he attempted to correct it by writing over the figure "4" the number "11" but the result was a confusing blot, from which a person could decipher either a "4" or "11." When he had occasion again to refer to the date, he wrote it as the "said 11th day of December, 1905." After completion, the notice was copied by his stenographer, who rendered the blot into a figure "4." This typewritten copy was afterward delivered to the mayor.

In Lyons v. St. Joseph, 112 Mo. App. 681, we held that "The giving of the notice in substantial compliance with the requirements of the statute is a condition precedent to the right to recover. Four points must be covered therein: The time, place and circumstances of the occurrence must be stated, together with the character of the injuries sustained. Actual knowledge of the officers of the city relative to these facts, or any of them, is without effect to dispense with the giving of the notice or with the statement therein of any essential fact." And further, we held that it was not necessary to detail in the notice the facts elemental to a recovery with the exactness required in a petition, but such facts should be stated with sufficient accuracy and definiteness to enable the city, with the aid of such inquiries as the notice itself suggested, to investigate the precise claim asserted. What was said in the opinion in that case is generally supported by the authorities both in this state and elsewhere, and we adopt it here so far as it is applicable to the present facts.

Obviously, the statement in the notice of an erroneous date of injury is neither a literal nor substantial compliance with the requirement of the statute. In discussing the effect to be given an error of this kind, the Supreme Court of Connecticut in Gardner v. City of New London, 28 Atl. 42, observed that "time is often an important element in the identification of a given transaction. For all practical purposes, an event which

begins and ends on any given day is quite distinct from, and quite other than an event which begins and ends on another day. Doubtless, the extent of injury might be with reasonable ease identified without a statement of the time, but the Legislature, for reasons of its own, has seen fit to prescribe and make essential the statement of the time of the injury, and we cannot dispense with it by construction. To do so would be to repeal the statute, rather than to ascertain what it means. The statute, then, requires the time of the injury to be stated in the notice and the natural and ordinary mode of stating the time of an event which begins and ends within the compass of a day, unless more particularity is required, is to state the day on which it occurred, together with the month and year, in the common and ordinary manner, and this we think is what the legislature intended by the word 'time,' as used in the statute in question."

So we think, and had the notice in question erroneously fixed the date of the event one week earlier than that on which it transpired, there would be much force in the contention that the variance was fatal to the right to maintain the action. To permit a claimant to give a wrong date would not only have a tendency to mislead the city to its detriment, but to open the door to imposition and fraud, and thus to defeat the principal purpose of the statute, and it would be entirely immaterial whether or not in the particular case, the city actually had been misled. The infirmity in the notice would consist in the fact that it failed to embody a correct statement of an essential fact and thus fell short of meeting the requirements of the statute. In the present case, the notice contains the correct date and we fail to perceive that defendant could have been misled. Manifestly, any reasonable person, with that notice before him, would have seen that one of the two dates given was a mere error and would have covered both in his investigation of the case. We must presume the officers of the

city acted in an ordinarily prudent manner and, therefore, that their attention was called by the notice to the cause of action now before us. The case is essentially different from those to which we have been cited where but one date was given in the notice and that an erroneous one. In those cases, the notice conveyed no suggestion that a mistake had been made, while here it did, and contained a statement of the true date. While a strict compliance with the terms of the statute must be enforced, notices given thereunder should be liberally construed to effect the real legislative purpose expressed in the enactment which is, not to throw obstacles in the way of meritorious actions against municipalities, but to discourage the prosecution of those that are fraudulent or exaggerated. The demurrer to the evidence was properly overruled.

Complaint is made of the action of the learned trial judge in refusing to give the following instruction asked by defendant: "The court instructs the jury that if you believe from the evidence that Saunders, the driver of the vehicle, was guilty of negligence which directly contributed to the injury of plaintiff, and that plaintiff knew of Saunders' negligence, or by the exercise of ordinary care, could have known of his negligence in time to have prevented such negligence and injury to herself as a result thereof and failed to do so, then plaintiff is guilty of contributory negligence and cannot recover in this case." At the time of her injury, plaintiff was returning from South St. Joseph to her home in Doniphan county, Kansas. She was accompanied by her brother, a Mr. Saunders, and his little child. They were riding in a buggy drawn by one horse and were seated on the same seat. While they were proceeding northwardly on King Hill avenue at a slow pace, the horse became frightened by a passing street car which overtook them, and shied away from it, causing the wheels of the buggy to collide with a body of frozen rock and earth which

was lying in the paved roadway. The vehicle violently careened and plaintiff was thrown to the pavement and injured. The evidence introduced by her tends to show that both she and her brother were acting in a reasonably careful manner, but facts were brought out by defendant from which the jury reasonably might have inferred that both were negligent. It was shown that the horse was country bred and high spirited; that while the street car was overtaking them, Mr. Saunders drove with a loose rein, was inattentive, and made no effort to guard against the contingency of the horse becoming frightened at the car. It is conceded that horse and vehicle belonged to plaintiff and, therefore, that she was well acquainted with the characteristics of the animal, but it is denied by plaintiff that the horse was ungentle or unaccustomed to being driven in proximity to street cars.

It will be observed that defendant, in the instruction, did not invoke the doctrine of imputed negligence. The court was not asked to declare that the negligent acts of the driver should be held to be those of plaintiff herself, but to state a rule by which plaintiff's own conduct was to be measured. The rule invoked cannot be justly criticised and was applicable to an issue of fact presented by the evidence. If plaintiff's negligence contributed with that of her brother and the city to produce her injury, she cannot recover. If she knew that her brother was driving in a negligent manner, she could not, in the exercise of reasonable care, passively acquiesce in such conduct, but should have insisted on the horse being driven with reasonable care. In Marsh v. Railroad, 104 Mo. App. 577, we gave our approval to this quotation from Elliott on Railroads, Vol. III, section 1174: "If a person riding in a vehicle knows that the driver is negligent, and he takes no precaution to guard against injury, he cannot recover, for in such case, the negligence is his own and not simply that of the driver. The

plaintiff cannot rightfully omit to use care in blind dependence upon another, but must use care proportionate to the danger of which the facts convey knowledge."

If it were a fact that the horse was likely to take fright at a passing street car and become unruly, plaintiff, who owned him, knew of the existence of that fault, and being seated with the driver, was in a position to warn him against driving carelessly, and her failure under the circumstances to do this, would make her culpable, not necessarily on the theoretical ground that the driver as her servant or agent was acting under her direction, but because she failed to exercise the degree of concern for her own safety that would have been observed by an ordinarily careful and prudent person in her situation. We do not agree with plaintiff that the substance of this instruction is embodied in others given on behalf of defendant, and as it correctly defined a material issue, it should have been given.

We find no other error in the record, but for that noted, the judgment is reversed and the cause remanded. All concur.