J. P. ANTHONY, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, January 2, 1911.

MUNICIPAL CORPORATIONS: Personal Injury: Notice. A notice of injury received on a street of a city, which is required by statute, must not be misleading; and where it states that an injury received on the 13th of August, occurred on the 14th of that month, it is fatally defective and no action can be maintained.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin*, Judge.

REVERSED.

*Morris* and *Schultz* for appellant.

(1) The written notice served on the city was defective, and therefore defendant's demurrer should have been sustained. R. S. 1899, sec. 5724; Gardner v. City of New London, 28 Atl. R. 42; Larkin v. Boston, 128 Mass. 522; Freligh v. Directors of Sogrates, 70 Hun. 589, 24 N. Y. Sup. 182; Donnelly v. City of Fall River, 132 Mass. 299; White v. Stowe, 54 Vt. 510; Lilly

v. Town of Woodstock, 59 Conn. 219, 22 Atl. R. 40; Giddings v. Iowa, 54 Vt. 346; Taylor v. Inhabitants of Woburn, 130 Mass. 498; Sherry v. Town of Rochester, 62 N. H. 346; Lyons v. City of St. Joseph, 112 Mo. App. 683; City of Lincoln v. Grant, 56 N. W. 995; Trost v. City of Caselton, 79 N. W. 1071; Fields v. Railroad, 4 Atl. R. 105; Canter v. St. Joseph, 126 Mo. App. 629. (2) Instruction number 6 is erroneous, for the reason that it does not limit the amount plaintiff may recover for medical attention to one hundred dollars, the amount asked for in the petition. Ingles v. Railroad, vol. 129, No. 3, S. W. 493; Radke v. Basket and Box Co., vol. 129, No. 3, S. W. 512; Tinkle v. Railroad, 212 Mo. 471; Smoot v. K. C., 194 Mo. 522.

*Sherman* and *Holland* for respondent.

ELLISON, J.—Plaintiff's action is founded on an injury received on one of defendant's streets, which is charged to have been negligently maintained. The judgment in the trial court was for plaintiff.

The petition states and evidence shows the injury occurred on the 13th day of August, 1908, while the notice to the city which the statute (sec. 5724, R. S. 1899) requires to be given, is that it occurred on the 14th of that month. The variance between the true date and the notice is fatal. [Canter v. St. Joseph, 126 Mo. App. 629; Gardner v. New London, 63 Conn. 267; Larkin v. Boston, 128 Mass. 521; White v. Stowe, 54 Vt. 510.] In Gardner v. New London, the notice was that the injury was received on the 5th of May, 1892, when, in fact, it was shown to be on the second of that month. The variance was held to be fatal; and the same result followed in White v. Stowe, where the day and month were correctly given, but the year omitted. In this case the variance was one day, but we cannot see how any difference is to be made or distinction

drawn between one day and any greater number of days.

In some states civil actions against municipalities are not allowed at all, the remedy being to punish the party chargeable with responsibility for the defect in the street. But in others, this among them, the action is allowed upon condition that the city be first notified of the time and place. This notice is a valuable safeguard for the city, and the courts have never hesitated to require it.

The judgment will be reversed. All concur.