NORA CARTER, Respondent, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, January 16, 1911.

1. CITIES: Defective Sidewalks: Notice. Plaintiff sued for damages for injuries sustained by a defective sidewalk. The petition alleged, and the evidence showed, that the injury occurred on December 29, 1908, while the notice, as required by sec. 5724, R. S. 1899 (sec. 9111, R. S. 1909) stated that it occurred on January 29, 1909. Held, that the notice in such cases must be in substantial compliance with the foregoing statute, and a statement of the correct time of the occurrence is one of the essential elements of such notice, and a condition precedent to right of recovery.

2. ——: ——: The failure to give proper notice is not cured by evidence that the city knew of the defect in the sidewalk prior to the time of the injury, and that it was repaired and was in good condition at the time specified in the notice. Knowledge of a defect would not imply knowledge of an injury.

Appeal from Buchanan Circuit Court.—Hon. L. J. Eastin, Judge.

REVERSED.

*Norris, Shultz & Slattery* for appellant.

The written notice served upon the city did not meet the requirement of the statute, and the verdict should have been for the defendant, city. R. S. 1899, sec. 5724; Gardner v. City of New London, 28 Atl. Rep. 42; Larkin v. Boston, 128 Mass. 522; Freligh v. Directors of Sogrates, 70 Hun 589, 24 N. Y. Sup. 182; Donnelly v. City of Fall River, 132 Mass. 299; White v. Stowe, 54 Vt. 510; Lilly v. Town of Woodstock, 59 Conn. 219, 22 Atl. Rep. 40; Giddings v. Iowa, 54 Vt. 346; Taylor v. Inhabitants of Woburn, 130 Mass. 498; Sherry v. Town of Rochester, 62 N. H. 346; Lyons v. City of St. Joseph, 112 Mo. App. 683; City of Lincoln v. Grant, 56 N. W. 995; Trost v. City of Caselton, 79 N. W. 1071; Fields v. Railroad, 4 Atl. Rep. 105; Canter v. City of St. Joseph, 126 Mo. App. 629.

*Rush & Stringfellow* for respondent.

Appellant's whole defense is based on the irregularity in the notice given to the city. There is no defense on the merits of the case. The only question appellant presents to this court, therefore, is the sufficiency or insufficiency of the notice. The error in the date was discovered before the petition was filed and there was no attempt to deceive or mislead the city or the court. The facts were fully set forth in the petition.

BROADDUS, P. J.—The plaintiff sues to recover damages for injuries occasioned by defects in one of the defendant's sidewalks, alleged to have been negligently maintained.

It is alleged in the petition and the evidence shows that the injury occurred on the 29th day of December, 1908, while in the written notice of the injury it occurred on the 29th day of January, 1909. The defend-

ant objected to the introduction of the notice for the reason that it gave a date other than the one stated in the petition, and the date as shown by the evidence; which objection the court overruled. The evidence showed that the defect in the sidewalk was repaired January 4, 1909, and that it was in good condition for the whole month afterwards. There was also other evidence tending to show that the city had notice of the defect in the street prior to said last named date.

There was a finding and judgment for the plaintiff from which defendant appealed.

It is held that a notice in such cases must be in substantial compliance with section 5724, Revised Statutes 1899, and that a statement of the correct time of the occurrence is one of the essential elements of such notice. [Canter v. City of St. Joseph, 126 Mo. App. 629.] The correct notice of such time is held to be a condition precedent to the right of recovery as the object of the statute was to safeguard cities. [Anthony v. St. Joseph, not yet reported.]

But it is insisted that as the evidence shows that the city knew of the defect in the sidewalk prior to the time of the injury and that it had been repaired and was in good condition at the time specified in the notice that it could not have been misled by the date therein mentioned, the error should be treated as merely clerical. We do not think so. We would not presume that because the city had notice of the defective condition of the sidewalk at and prior to the date of plaintiff's injury, that therefore the injury occurred at said date. Because the proper authorities of a city may have had notice of a defect in one of its streets at a certain time would not necessarily imply that it had also notice that an injury had been inflicted on a passenger by reason of such defect. Knowledge of such a defect would not imply knowledge of an injury inflicted by reason of such defect, as otherwise there is no necessity for the statute requiring notice. And when we further consider that

it is not every defect in a street that causes an injury, we are more than ever convinced that a correct statement of the time of the occurrence is strictly required under the law. The cause is reversed. All concur.