## CITY OF FORT WAYNE v. BENDER.

[No. 8,377. Filed July 1, 1914. Rehearing denied December 9, 1914. Transfer denied January 22, 1915.

1. MUNICIPAL CORPORATIONS.—*Defective Streets.—Liability for Injuries.*—The liability of a city for damages on account of personal injuries resulting from defects in streets arises by implication from the statutory duty to keep its streets in repair. p. 691.
2. MUNICIPAL CORPORATIONS.—*Defective Streets.—Limitation of Liability.*—The legislature may impose such conditions and limitations as it may see fit on the right to recover damages from a

city for personal injuries caused by the defective condition of its streets, and one seeking to enforce such a liability must bring himself within the provisions of the statute relating thereto. p. 691.

3. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Conditions Precedent to Liability.*—*Notice.*—The giving of the statutory notice of the time, place and cause of injury is a condition precedent to the liability of a city for a personal injury caused by the defective condition of a street.    p. 691.

4. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Notice of Injury.* —*Sufficiency.*—*Statutes.*—Section 8962 Burns 1914, Acts 1907 p. 249, providing for written notice to a city of the time, place, cause and nature of injury caused by a defective street before bringing an action therefor, is to be strictly construed, and, while its terms require but a general description, reasonable certainty in the statement of the facts is required, and such certainty as to date of the injury demands that the month, day of the month, and the year should be stated; hence a complaint for an injury which occurred on the 28th day of a given month is not sustained by a notice stating that it occurred on the 18th day. pp. 691, 694.

5. MUNICIPAL CORPORATIONS.—*Defective Streets.*—*Notice of Injury.* —*Sufficiency.*—Where the time of an injury caused by the defective condition of a street is shown by the undisputed evidence to be different from the time stated in the notice required by §8962 Burns 1914, Acts 1907 p. 249, the question as to whether such difference is substantial or material is one of law to be determined by the court solely from a consideration of such difference.    p. 694.

From Superior Court of Allen County; *Carl Yaple,* Judge.

Action by Milton H. Bender against the City of Fort Wayne. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Guy Colerick* and *Henry C. Hogan,* for appellant.

*Ray McAdams, Lee J. Hartzell* and *William C. Ryan,* for appellee.

LAIRY, J.—Appellee recovered a judgment against the city of Fort Wayne for personal injuries alleged to have been received by him on account of a defect in one of the streets of such city.

The only questions presented by the assignment of errors are based upon the failure to give to the city a sufficient written notice of the time, place and cause of appellee's injury as required by §8962 Burns 1914, Acts 1907 p. 249. The complaint alleged and the evidence without dispute shows that the injury occurred on April 28, 1910, while the notice filed with the complaint and introduced in evidence states that such injury occurred on April 18, 1910.

The courts of this State have uniformly held that the liability of a city for damages on account of personal injuries resulting from defects in streets arises by implication by force of the statutes of this State imposing the duty on cities of keeping their streets in repair and conferring upon such municipalities the power to raise funds for such purpose. *Touhey* v. *City of Decatur* (1911), 175 Ind. 98, 93 N. E. 540, 32 L. R. A. (N. S.) 350; *Gribben* v. *City of Franklin* (1911), 175 Ind. 500, 94 N. E. 757. It has also been held that, as the statute imposes the duty from which the liability arises, the legislature has a right to impose such conditions and limitations on the right to recover as it may see fit, and that one who seeks the benefit of the statute must bring himself within its provisions and comply with all conditions imposed by the legislature. It is accordingly held that the giving of the statutory notice is a condition precedent to a right to recover. *Touhey* v. *City of Decatur, supra; Blair* v. *City of Fort Wayne* (1912), 51 Ind. App. 652, 98 N. E. 736; *City of Franklin* v. *Smith* (1911), 175 Ind. 236, 93 N. E. 993.

Our statute requires that the notice served shall contain a brief general description of the time, place, cause and nature of the injury. Appellee takes the position that this statute does not require a definite and specific statement of the time of the injury, and that for this reason a discrepancy of ten days between the date of the injury as stated in the notice and the date of such

injury as shown by the proof is not fatal to a recovery. This section of our statute has never been construed, with respect to the question here presented, either by this court or by the Supreme Court, but the question has been decided by the higher courts of other states in construing statutes differing slightly from the statute under consideration. In jurisdictions where the question has been presented, the courts have held with practical uniformity that the date of injury as stated in the notice must conform to the date as shown by the evidence, and that a failure of proof in this respect is fatal to a recovery. *Carter* v. *City of St. Joseph* (1910), 152 Mo. App. 503, 133 S. W. 851; *Gardner* v. *City of New London* (1893), 63 Conn. 267, 28 Atl. 42; *Taylor* v. *Peck* (1909), 29 R. I. 481, 72 Atl. 645; *Ouimette* v. *City of Chicago* (1909), 242 Ill. 501, 90 N. E. 300; *Canter* v. *City of St. Joseph* (1907), 126 Mo. App. 629, 105 S. W. 1.

The attention of the court has been called to only two cases which, as claimed by appellee, announce the doctrine that the proof as to the time of the injury need not conform strictly to the date stated in the notice. *Sullivan* v. *City of Syracuse* (1894), 77 Hun 440, 29 N. Y. Supp. 105; *Murphy* v. *Seneca Falls* (1901), 57 App. Div. 438, 67 N. Y. Supp. 1013. In the case last cited it was held that a notice stating that the injury occurred "on or about the 10th day of April, 1897." was a sufficient compliance with the statute where the evidence showed that the injury occurred on April 10, 1897. This case does not hold that the notice was sufficient to warrant the introduction of evidence showing that the injury occurred on any day other than such 10th day of April, and it is not therefore in conflict with the cases which hold that evidence as to the time of the injury must conform strictly to the date stated in the notice. The case of *Sullivan* v. *City of Syracuse, supra,* sustains appellee's position. In that case the notice stated that the injury occurred on the 5th day of August, 1891, and the evidence showed that it happened on the evening of the 4th. Under

this state of facts the court submitted the question to the jury and permitted it to determine whether plaintiff was injured *substantially* at the time stated in the notice. It cannot be supposed that the court asked the jury to decide whether the time of the injury as shown by the evidence conformed strictly to the time stated in the notice. It was assumed by the instruction given that there was a difference between the time shown by the evidence and the time stated in the notice, and the jury was asked to decide whether this difference was substantial. If this question is to be determined solely from a consideration of the difference of time between that shown by the evidence and that stated in the notice, it should be determined by the court as a matter of law; but if, in deciding such question, it is proper to consider the size of the city and its facilities for making investigations as to such accidents, as well as the frequency of similar accidents, together with other facts disclosed by the evidence for the purpose of ascertaining whether the notice given actually served the purpose for which it was intended and informed the city of the particular accident with such certainty as to enable it to make proper investigation, then it would present a question of fact for the jury. We must presume that the court submitted the question to the jury to be determined as a fact from a consideration of the facts and circumstances disclosed by the evidence, and not to be determined from a consideration merely of the difference between the time as shown by the evidence and the time stated in the notice. If this case is to be so understood, it is discredited by a later case by the same court. In the case of *Rauber* v. *Wellsville* (1903), 83 App. Div. 581, 82 N. Y. Supp. 9, it was held, in effect, that the fact that the officers of the municipality were not misled by the notice or that the municipality was not prejudiced by the defect or inaccuracy of such a notice is not material. In fact, the general rule as stated by the courts and by text writers on this subject, is to the effect that an indefinite or erroneous

statement in such a notice can not be cured by evidence showing that notwithstanding such indefinite or erroneous statement the municipality, through its officers, had obtained accurate knowledge of facts so defectively or erroneously stated. *Carter* v. *City of St. Joseph, supra; Ouimette* v. *City of Chicago, supra; Gardner* v. *City of New London, supra.*

From a consideration of the cases constituting the decided weight of authority, the rule to be deduced seems to be that when the time of the injury is shown by the undisputed evidence, and that time differs from the time stated in the notice, the question as to whether the difference so shown is substantial or material is a question of law to be decided by the court solely from a consideration of the difference between the time as shown by the proof and the time as stated in the notice.

Most of the statutes construed by the decisions cited provide in substance that the notice shall state the time, the place and cause of the injury, without any qualifying words, while the statute of this State provides for the giving of a written notice containing a "brief general description of the time, place, cause and nature of such injury." We are asked to hold that the general description of the time, place, cause and nature of the injury as required by our statute dispenses with the necessity of a particular designation or statement of the time of the injury, and also dispenses with a particular description of the place, cause or nature of the injury. We think that the statute should be given the meaning for which appellee contends, but even when so construed the statute requires reasonable certainty as to the facts required to be stated in the notice, and the question as to whether the time is designated with sufficient certainty must still be one of law for the court. A general statement of the time of the injury would not require a particular statement as to whether the accident occurred in the forenoon, or in the afternoon, or

in the evening of a given day, nor would it require any statement as to the hour or the minute of the day upon which the injury occurred; but we think that reasonable certainty requires that the date of the injury including the year, month and day of the month should be given. Statutes requiring a notice to state the time, place and cause of injury, have been so construed as to require only a general statement as to the time and a general description of the place, cause and nature of the injury. *Gardner* v. *City of New London, supra; Lyons* v. *City of St. Joseph* (1905), 112 Mo. App. 681. The courts of this State, in so far as they have considered this statute, have adopted the strict construction applied to similar acts by the courts of other states. *Touhey* v. *City of Decatur, supra; Blair* v. *City of Fort Wayne, supra.*

In view of the previous holdings of the Supreme Court and of this court on the subject, and in view of the great weight of authority, we are constrained to hold that the notice, to be sufficiently definite must, as a general rule, give the date upon which the injury occurred, and that the evidence must conform to the date stated in the notice. However, a case might arise where the injury occurred so near midnight of a given day as to render it uncertain upon which of two days the injury actually occurred. In such a case, proof that the injury occurred within a short time before or after midnight, might be held sufficient as a matter of law to support a notice stating that it occurred on either of such days.

We have no hesitancy in holding that proof that an injury occurred on the 28th day of a given month does not conform to a notice stating that it occurred on the 18th day of such month. The notice introduced in evidence in this case does not sustain the allegation of the complaint in respect to the notice served upon the city, and for this reason the verdict is not sustained by the evidence and appellant's motion for a new trial should have been sus-

tained.   Judgment reversed with directions to sustain appellant's motion for a new trial.

NOTE.—Reported in 105 N. E. 949.  As to liability of municipal corporation for defect in or want of repair of street, see 103 Am. St. 257.  As to necessity of notice of claim and cause of injury from defects or obstructions in street generally, see 20 L. R. A. (N. S.) 757.