JAMES WOOD *vs.* THE BOROUGH OF STAFFORD SPRINGS.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The notice of a highway accident stated that it occurred on the sidewalk on the south side of Gold Street, at a point west of a certain designated house, "and at the junction of Gold Street and Fiske Avenue." *Held:*—

1. That the words quoted did not mean, and could not have been understood to mean, a fixed, mathematical point, but were used in a popular sense as including the open space where those highways met or blended.

2. That inasmuch as it appeared that the accident in fact happened on Gold Street about twelve feet west of the place where the west line of Fiske Avenue, if projected, would intersect the south line of Gold Street, the notice was sufficiently accurate as to the place of the injury.

The notice further stated that the cause of the accident was snow and ice which had accumulated on the sidewalk until it had become dangerous, and had so remained for an unreasonable time ; and that the plaintiff fell and was badly cut and bruised in the head and was injured internally. *Held* that this was a reasonably sufficient general description of the injury and its cause.

A witness for the plaintiff testified that about a month before the injury she told the defendant's warden and street commissioner that the presence of snow and ice at the place of the accident rendered public travel there dangerous. *Held* that this was admissible as tending to prove knowledge upon the part of the borough authorities of the conditions then existing.

Argued January 7th—decided January 29th, 1902.

ACTION to recover damages for personal injuries claimed to have been caused by a defective sidewalk, brought to the Superior Court in Tolland County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff for $4,000, and appeal* by the defendant for alleged errors in the rulings and charge of the court. *No error.*

The case is sufficiently stated in the opinion.

*Joel H. Reed* and *William A. King*, for the appellant (defendant).

*Charles Phelps* and *Thomas F. Noone*, for the appellee (plaintiff).

TORRANCE, C. J. The complaint in this case alleged, in substance, that the plaintiff, without fault on his part, had

---

*The appeal, which was filed November 16th, 1901, was by mistake taken to the January term, *1901*, instead of 1902. For this defect the appellee filed a plea in abatement in this court, whereupon the appellant requested permission to amend the appeal by substituting 1902 for 1901, which, after a brief consultation by the court, was granted, and the appeal was amended accordingly.

been permanently injured, physically, through the negligence of the defendant in failing to make reasonably safe for public travel a certain highway, dangerous for such travel on account of ice and snow.

One of the important questions in the case relates to the sufficiency of the statutory notice given by the plaintiff to the defendant. The defendant claims that said notice does not sufficiently describe the injury, nor the cause of it, nor the place where it occurred. Because of these claimed defects the defendant in the trial court objected to the admission of the notice in evidence, and to certain evidence offered under it, and asked the court to instruct the jury that by reason of the defective notice the plaintiff was not entitled to recover. The court overruled the objection, admitted the notice in evidence, and the evidence offered under it, and instructed the jury that the notice was sufficient.

The statute under which the notice was given required the plaintiff to give to the defendant a written notice of his injury " and a general description of the same, and the cause thereof, and of the time and place of its occurrence." Public Acts of 1895, Chap. 172. As bearing upon the claim that the notice given did not sufficiently describe the place where the injury occurred, the following facts were in evidence : The street in the borough upon which the injury occurred was Gold Street; this street, 25 feet wide, runs from Main Street almost due east for a little over 200 feet, then in a northerly direction for a short distance, and then turns and runs almost due east again. Just where Gold Street thus turns to the eastward again, its northerly line, or its easterly and northerly lines, are intersected by the east and west lines of Fiske Avenue, a later built street running northerly from Gold Street; and near where Gold Street turns in a northerly direction stands a house called the A. F. Werner house, being the first house on the southerly side of Gold Street after leaving Main Street, and the nearest house to the place where the injury occurred. The injury occurred on the sidewalk on the southerly side of Gold Street at a point

163 feet easterly from Main Street, between that street and the Werner house, and westerly or southwesterly of that house. This point was marked " B " on a map or plan of the locality which was in evidence, and which showed the junction of Gold Street with Fiske Avenue; from "B " to the intersection of the east line of Fiske Avenue with the north line of Gold Street, the distance in a straight line was about 75 feet; while in the same way the distance from " B " to the intersection of the west line of the avenue with the north line of Gold Street was considerably less; the west line of Fiske Avenue prolonged southerly intersects the south line of Gold Street " westerly of the Werner house about twelve feet easterly of the point where the accident occurred "; while the east line of said avenue prolonged southerly cuts the south line of Gold Street " almost directly in front and north of the Werner house." These facts were substantially undisputed, and it is in view of them that the claim is made that the notice does not sufficiently describe the place of the injury. The notice was addressed " To William H. Heald, Clerk of the Borough of Stafford Springs," and described the place of the injury as follows: " You are hereby notified that on the 12th day of January, A. D. 1899, the subscriber hereto fell and was injured on the sidewalk, or highway, known and called Gold Street, at a point in said highway on the south side of said street, west of the house owned by A. F. Werner, and at the junction of Gold Street and Fiske Avenue."

The phrase " junction of Gold Street and Fiske Avenue " was here used in a loose, popular, practical sense, as including the open space made where these highways met and blended, as it would appear to one on the ground there, and did not mean, and could not well be understood to mean, a fixed mathematical point; and the word " at," in such a connection, means " at or near," or other equivalent phrase. The defendant is thus informed that the injury occurred on the sidewalk on the south side of that short stretch of Gold Street lying between Main Street and the Werner house, and at or near the junction of Gold Street with Fiske Avenue;

and this is just where it did occur, for the place of the injury was on the southerly sidewalk of Gold Street, between Main Street and the Werner house, and only twelve feet easterly of the junction. For all the practical purposes to be subserved by a notice of this kind, we think the notice in this case contains a reasonably accurate description of the place of the injury.

The injury itself and the cause of it are set forth in the notice as follows : " The defect in said street consisted in this, to wit : In that snow and ice had accumulated on said walk and the same was then in a dangerous condition, and had so remained for an unreasonable length of time. On said 12th day of January, A. D. 1899, at about half past six o'clock in the morning, by means of said defect, the subscriber fell and was greatly injured, in that the back of his head was badly cut and bruised, and he was injured internally."

We think this notice contains a reasonably sufficient general description of the injury, and its cause and place of occurrence, within the principles laid down by this court in cases of this kind. *Gardner* v. *New London*, 63 Conn. 267 ; *Budd* v. *Meriden Electric Railroad Co.*, 69 id. 272 ; *Cloughessey* v. *Waterbury*, 51 id. 405 ; *Dean* v. *Sharon*, 72 id. 667 ; *Breen* v. *Cornwall*, 73 id. 309. This being so, it follows that most of the assignments of error in this case, all those relating to the rulings and charge of the court with reference to the sufficiency of the notice, are without foundation and so not available to the defendant.

This leaves for consideration certain rulings upon evidence, and certain parts of the charge of the court, which are assigned for error.

The objections made by the defendant to the testimony of the plaintiff as to the nature and extent of his injuries, and to the testimony of Stebbins and Taft as to the condition of the sidewalk and street on the day of the accident, were all based upon the claim that the notice as to these matters was insufficient ; and as this claim was unfounded the objections were properly overruled.

Evidence had been offered to show that owing to the con-

ditions existing at the place of the accident it was peculiarly dangerous to allow ice and snow to accumulate there. Mrs. Wheeler, a witness for the plaintiff, testified that in the month preceding the plaintiff's injury she complained to the warden of the borough, who was also then and at the time of the plaintiff's injury street commissioner, and told him that the presence of snow and ice at the place of the accident rendered public travel there dangerous. She was then asked to repeat what she said to the warden, and said : "I told him it was dangerous there for man or beast." To the question and answer the defendant objected generally, but the court admitted the evidence "simply to show that the borough authorities ought to be regarded . . . as having notice of a condition of things likely to prove a dangerous defect by reason of snow and ice."

We think the evidence was admissible for this purpose; and besides, it was but a repetition of what she had already said, in substance, without objection.

The defendant claimed that the evidence in the case tended to prove (1) that the plaintiff had been guilty of contributory negligence, and (2) that the condition of the street at the time of the injury was due solely to a storm of the previous evening ; and in its reasons of appeal it complains of the charge as given upon these points, and of the refusal of the court to charge concerning them as requested.

As to these claimed errors it is enough to say that the trial court complied in substance with the requests, and that the charge upon each of the points in question was correct and sufficient for the guidance of the jury.

There is no error.

In this opinion the other judges concurred.