ALICE M. (MRS. HORACE L.) JUDD *vs.* THE CITY OF NEW BRITAIN.

First Judicial District, Hartford, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The notice of a highway injury, which was incorporated in the complaint, stated that the plaintiff "slipped and fell on the sidewalk on the south side of Church Street, just west of Fairview Street. . . . I think I had just passed the house on the corner of Church and Fairview Streets when I fell." *Held*, both on demurrer to the com-

plaint and upon the facts as found by the trial court, that the notice gave a sufficiently accurate and definite description of the place of the injury.

Argued October 8th—decided October 29th, 1908.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Hartford County where a demurrer to the complaint was overruled (*Reed, J.*) and a hearing in damages was afterward had before *Curtis, J.;* facts found and judgment rendered for the plaintiff for $600, and appeal by the defendant. *No error.*

*Frank L. Hungerford*, for the appellant (defendant).

*John H. Kirkham* and *James E. Cooper*, for the appellee (plaintiff).

RORABACK, J. This is an action to recover damages for injuries alleged to have been sustained by the plaintiff from falling upon a sidewalk which was slippery and dangerous by reason of the defendant's negligence in allowing snow and ice to accumulate and remain thereon. The plaintiff annexed to and made a part of her complaint a written notice which, in compliance with § 2020 of the General Statutes, she gave to the defendant. The defendant demurred to the complaint on the ground that the notice did not sufficiently describe the place where the alleged injury occurred. The Superior Court overruled the demurrer. The case was then tried, and the same question as to notice was raised again. The court then found, from the facts established by the evidence, that the description of the place of the accident was sufficient, and rendered judgment for substantial damages.

The defendant appealed, and now contends that as a matter of law it appears from the face of the notice, and

also from the finding of facts, that said notice is insufficient.

General Statutes, § 2020, provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair; but no action for any such injury shall be maintained against any town, city, corporation, or borough, unless written notice of such injury and a general description of the same, and of the cause thereof, and of the time and place of its occurrence, shall, within sixty days thereafter, or, if such defect consists of snow or ice, or both, within five days thereafter, be given to a selectman of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation."

The notice in question, so far as it relates to place, reads as follows: "Notice is hereby given you that . . . I slipped and fell on the sidewalk on the south side of Church Street, just west of Fairview Street. . . . I think I had just passed the house on the corner of Church and Fairview Streets when I fell. The cause of the accident was snow and ice which had been negligently allowed to remain upon the sidewalk in a slippery and dangerous condition." It also appears that the plaintiff was injured December 30th, 1904, and gave this notice within four days thereafter.

While the notice lacks that clearness and fullness of statement essential to good pleading, yet we think that the decision of the Superior Court overruling the defendant's demurrer should be sustained. The designation of the place where the injury was received, contained in the written notice, is that "I slipped and fell on the sidewalk on the south side of Church Street, just west of Fairview Street. . . . I think I had just passed the house on the corner of Church and Fairview Streets when I fell." If the plaintiff had simply added to her description of the place, the direction she was going when she fell, it would have made the location clearer and more definite. But

the notice is not to be construed by the rules applicable to pleading. "The notice is not a pleading. The object. of such a notice is to put the officers of the corporation charged with the duty of investigating the claim made upon it, in possession of such facts as will enable them to perform that duty understandingly; . . . and as to the 'nature' of the injury, the notice is sufficient if it gives a general description which will reasonably apprise the defendant of its general character. . . . The sufficiency of the notice is to be tested with reference to the purpose for which it is required. If sufficient for that purpose it is a good notice." *Budd* v. *Meriden Electric R. Co.*, 69 Conn. 272, 285, 37 Atl. 683. Section 2020 of the General Statutes provides that there shall be given a written notice of the injury, containing a general description of the same, the cause thereof, and the time and place of its occurrence. Under this statute and the familiar rulings of this court upon this subject, this notice seems to point with sufficient certainty to the place where the plaintiff claimed to have been injured. A person taking this notice and using ordinary diligence in search of the place described, would naturally locate the same upon the sidewalk on the south side of Church Street near the house on the corner of Church and Fairview streets.

Upon the trial of the case the evidence showed that "at the intersection of Church Street and Fairview Street on the southwest corner there is a lot of about 60 feet frontage facing Church Street. Upon this lot was, on said day, a house facing Church Street. The distance from the east line of the house upon said lot to the west line of Fairview Street was about eleven and one-half feet, and the distance from the west line of said house to the east line of the adjoining lot was about ten and one-half feet. . . . At the time of the accident the plaintiff was going westerly on the south side of Church Street toward the center of the city, and fell upon the sidewalk at a point about one

hundred feet westerly from Fairview Street. There is a
.stump of a tree upon the side of the said walk about one
hundred feet westerly from Fairview Street. . . . At the
time of the accident, beginning at a place about 100 feet
westerly from Fairview Street on the south side of Church
Street a sheet of ice covered the sidewalk and extended
westerly from 35 to 40 feet. This sheet of ice had existed
for many days, and the plaintiff fell upon it immediately
after she stepped upon it."

The defendant contends that this notice did not give
the city authorities such precise information of the place
of the injury as would enable them, by the use of ordinary
diligence, to discover it, as the place of the injury was not
in front of the corner lot, but was forty feet further down
on the same street, or about one hundred feet from the
corner. Furthermore, the defendant contends that there
was no excuse for the indefiniteness of place, as it appears
from the finding that there was a stump of a tree upon
the side of said walk where the plaintiff fell, about one
hundred feet westerly from Fairview Street. In the case
of *Tuttle* v. *Winchester*, 50 Conn. 496, 498, this court used
the following language in regard to the object of the stat-
ute requiring notice to be given in this class of cases:
"It is obvious that in many cases exactness of statement
as to place cannot be expected, for the excitement and
disturbance caused by the accident, as well as often the
pain which a person injured suffers, make it impossible
to observe with any carefulness the place where the acci-
dent occurs, and often the person injured is unable to re-
visit the place within the time allowed by the statute for
the giving of notice. In such cases reasonable definiteness
is all that can be expected or should be required." The
notice states that the place of injury was on the sidewalk
on the south side of Church Street, just west of Fairview
Street, and that she thought she had just passed the house
on the corner of Church and Fairview streets when she

Northrop *v.* Waterbury.

fell. The evidence discloses that the plaintiff was injured on the sidewalk on the south side of Church Street, about one hundred feet westerly from Fairview Street, and about forty feet west of the dwelling-house. Without stopping here to compare all the language of the notice with the facts found descriptive of the place, generally speaking, it seems apparent that.there is no such material variance between the notice and the proof as to make the notice insufficient. The location of several prominent objects in the notice are found to be substantially correct by the evidence.

The discrepancy as to distances is not so great, nor is the fact that the plaintiff could have been more specific so controlling, as to make the decision of the court below erroneous in holding that as a matter of fact the notice was sufficient.

There is no error.

In this opinion the other judges concurred.