MARY E. SIZER *vs.* THE CITY OF WATERBURY.

Third Judicial District, New Haven, January Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 20th—decided April 16th, 1931.

*·Charles O'Connor* and *Edward J. McDonald,* for the appellant (defendant). . .

*William K. Lawlor,* for the appellee (plaintiff).

HAINES, J.   The plaintiff alleged that on the evening of December 21st, 1927, while walking with due

care on Huntington Avenue in Waterbury, she fell into a large unguarded hole in the street, about fifteen feet deep, and received serious physical injuries, and that on December 24th, 1927, she gave written notice of the injury to the city of Waterbury in accordance with the requirements of the statute. She asked for damages for her personal injuries and for loss of income resulting from the fall. The jury gave her a verdict of $5000 and the defendant moved to set it aside as contrary to the law and the evidence and excessive, and the motion being overruled, this appeal was taken.

The record contains fifty-six assignments of error, but in this court thirteen are waived. A long motion for correction of the finding, occupies more than ten pages of the printed record. Its contents indicate an entire misconception of the proper procedure upon appeal in a jury case. *Marks* v. *Dorkin,* 104 Conn. 660, 662, 136 Atl. 83. As to several paragraphs of the finding, the motion alleges that facts are found without evidence; it contains recitals of what occurred at the trial, and comments and arguments regarding the findings in question as well as extracts from the evidence. Under the same date, the defendant filed a paper entitled "Exceptions" and attached thereto long excerpts from the evidence covering more than thirty printed pages of the record. These also contain many pages of arguments and remarks of counsel and discussion of rulings, as well as much other irrelevant matter. The exceptions are improperly taken "to the refusal of the court to correct" the finding, instead of to the finding. In denying the motion, the trial court pointed out that counsel had overlooked the distinction between a finding in a court trial and one in a trial to a jury. It could properly have added that counsel had misconceived the appellate procedure in several other

respects. It should be understood that a long record thus made up—almost four hundred pages—in disregard and violation of our rules, not only results in uncertainty and confusion but involves a heavy expense in printing. Moreover, it imposes upon both the trial and the appellate court an unwarranted burden in attempting to deal with the questions involved. General Statutes, Rev. 1918, §§ 5829-5831; Practice Book, pp. 96-98, and cases cited.

Though this court would be justified in refusing to consider many of the questions thus defectively presented, we shall review them so far as possible and necessary, for the protection of the rights of the parties to the action.

The fifty-fifth assignment of error relates to the refusal of the trial court to correct the finding in six respects. It is sought to correct paragraphs forty-six and forty-seven of subdivision I of the finding, but the excerpts from the evidence cited in support of the motion, show clearly that the plaintiff offered evidence as stated in both paragraphs, except that the date— "December, 1927"—seems to be erroneous. This however is of no importance to the question at issue and we disregard it. It is asked that paragraph twenty-eight of the draft-finding be added to the finding, and the evidence cited supports it. We accordingly add it to that portion of the finding—subdivision II—containing the statement of the defendant's evidence. It is sought also to correct subdivision IX, XII and XVII of the finding and long citations of evidence are printed in support of the request, much of it irrelevant and unnecessary. The same criticism must be made of the evidence printed in support of other assignments of error covering thirty-three pages of the printed record. The attention of counsel is directed

to what we have heretofore said concerning this practice. *Dejon* v. *Smedley Co.*, 108 Conn. 659, 670, 671, 144 Atl. 473. A careful examination of the three subdivisions of the finding referred to, satisfies us that they make a fair presentation of the questions at issue. Save for such slight changes as we have indicated, the finding must stand as prepared by the trial court.

There are twelve assignments of error for failure to charge as requested. The first three of these requests relate to the legal requirements of the notice prescribed by statute. An examination of the charge shows that it contains all that is material in these three requests, correctly and adequately stated. A court is not bound to follow a request exactly as made. If the charge is proper and adequate, that is sufficient. *Fagerholm* v. *Nielson*, 93 Conn. 380, 387, 106 Atl. 333; *Radwick* v. *Goldstein*, 90 Conn. 701, 706, 98 Atl. 583; *Crotty* v. *Danbury*, 79 Conn. 379, 385, 65 Atl. 147.

There are two requests obviously based upon the assumption that the negligence of some third party may have contributed to the plaintiff's injury. The failure of the trial court to define the legal situation created by such circumstances, is fully justified by the fact that neither the pleadings, nor the evidence as disclosed by the finding, presented such an issue. A similar reason makes it unnecessary to say more of the next request (number eleven) concerning a lawful obstruction or physical modification of a public highway. The next two requests (numbers fourteen and fifteen) are not, in the main, germane to the issues as framed by the pleadings and the evidence. So far as they have any application, they are sufficiently covered by the charge.

Error is assigned for failure to charge as requested in

paragraphs thirty-one, thirty-three, thirty-four and thirty-five.

Paragraph thirty-one was, in effect, that the jury should exclude from their computation of damages, all pain, suffering or other injury which was not proximately caused by the defendant's negligence and plaintiff's fall. Though this was not done, the court did explain at length the meaning of the term "proximate cause" and told the jury that the plaintiff was only entitled to compensation for such injuries as had been proximately caused by her fall and that the burden was upon her to support her claim by a fair preponderance of the evidence; that it was incumbent upon her to satisfy them that the negligence of the defendant was the proximate cause of the injuries for which she was seeking compensation. The jury were also told that the controlling idea in making up an award of damages was compensation for the injuries done to her by the negligence of the defendant, and that nothing should be awarded over and above just compensation. We are entitled to assume that the jury was composed of intelligent men, and it is difficult to see how they could, under these instructions, have awarded anything beyond what they found to be the proximate result of the fall. While more specific treatment in a charge upon this feature of a negligence action is desirable, we are satisfied the jury were sufficiently instructed to enable them to render a just verdict, and that no prejudice to the defendant resulted from the failure of the court to charge as requested in this paragraph.

Paragraph thirty-three was, in brief, that "loss of plaintiff's business and damage to her fur coat" should not be considered by the jury unless proved "in dollars and cents." The loss in value of a specific article

like a coat is generally susceptible of such proof, but while this item is alleged as a loss, in the complaint, the record does not disclose that any claim was made for it in the evidence or otherwise at the trial. The claim was evidently abandoned. It would be incorrect to say that compensation for loss of plaintiff's business could not be given without proof in dollars and cents. Often such losses are not susceptible of such specific proof. The amount to be awarded in order to make just compensation often lies in the sound judgment of the jury, based upon such evidence as they have before them. It appears from the finding that there was evidence as to loss of the plaintiff's business, from which the jury could have determined the amount with reasonable certainty, and the charge upon this feature of the case was sufficient under the circumstances. *Ball* v. *Pardy Construction Co.*, 108 Conn. 549, 551, 143 Atl. 855; 17 Corpus Juris, pp. 795, 796.

Paragraph thirty-four was a statement of the respective functions of various city boards and officials in Waterbury under Special Laws of 1895. Under the circumstances of this case, these had no bearing upon the essential issues before the jury. The plaintiff had no concern with these matters. Her right of action was to be determined by the notices presented at the office of the city clerk.

Paragraph thirty-five was to the effect that notice to any other official or employee of the city than the city clerk, was not legal notice to the city unless that official or employee had a duty to perform in the matter of highways. No such issue was presented to the jury. The finding shows the evidence of the plaintiff was that these notices upon which she relied, were handed in to the office of the city clerk and put in the hands of the assistant city clerk and the action of

the plaintiff, if established by evidence, was a sufficient compliance with the statute which required that notice must be "given . . . to the clerk of such city."

We find no reversible error under these four assignments.

Ten assignments of error consist of quotations from the charge, all relating to the statutory notice required of the plaintiff. The charge upon this subject was a full and careful one covering more than four pages of the record. Practically all of this is quoted consecutively in these assignments without in any way informing us of the specific errors claimed to have been made. General Statutes, Rev. 1918, § 5833. Nevertheless the important bearing of these portions of the charge upon the rights of the parties, leads us to review them. The finding shows that the plaintiff offered evidence that the day following her injury, her attending physician, Doctor Bonner, drew up and signed the following statement (Exhibit B-1): "This is to certify that I attended Mrs. Mary Sizer for injuries sustained in a fall down an embankment on Wednesday, December 21, 1927, at seven-thirty p. m., on Huntington Avenue. Mrs. Sizer was badly cut about the face, hands, arms and legs, and has sustained a nervous shock and symptoms of internal injuries." The same day this statement was written, the plaintiff's daughter, by her mother's direction, took this notice to the city clerk's office and there gave it to the assistant city clerk who received it on behalf of the city. She then told him where her mother had fallen on Huntington Avenue; that it was right near the bridge and that the hole into which she fell extended into the middle of the road. The assistant city clerk then told her he knew where the hole was and thereupon went into another room and prepared the paper (Exhibit A-1) which he

brought back to her and directed her to sign. The finding shows the plaintiff offered evidence that he was a practicing attorney and had had considerable experience with notices of this character and that he told her the notice he had prepared for her (Exhibit A-1) was all right. It also specifically appears from the finding that the plaintiff offered evidence that she did not intend in any way to mislead, and that the city was not in fact misled. The paper (Exhibit A-1) was signed and left in the city clerk's office the same day it was prepared and was read by the city clerk to the board of aldermen December 29th, 1927, and referred to the committee on law, and a copy sent to Charles Schnitman, a member of the committee on law whose duty it was to investigate all such claims for injuries, and that he was not misled as to where or when the plaintiff was injured and in fact later visited the spot. The defendant's evidence conflicted with the foregoing mainly as to what occurred at the city clerk's office and as to the city being misled.

With evidence to this effect before them and after the conflict of testimony was referred to by the court, the jury were charged in substance that the statute required as a condition precedent to the plaintiff's right of recovery that written notice be given to the city, containing a general description of the injury, the cause thereof and the time and place of its occurrence, and that such notice must be given within sixty days after the occurrence of the injury; and that the written notice relied on consisted of Exhibit A-1 and Exhibit B-1. After reading the latter to the jury, it was pointed out to them that while it contained a general description of the injuries and so complied with the statute in that respect, it did not contain a "definite description" of the place where the injury occurred.

Exhibit A-1 was then read to the jury as follows: "To Thomas P. Kelly, City Clerk, Waterbury, Connecticut. Dear Sir: I hereby claim damages from the city of Waterbury for personal injuries sustained by reason of falling in a hole on Huntington Avenue December 21, 1927 at seven-thirty p. m. I am under the care of Doctor Bonner and cannot state now what my injuries will be. Mary E. Sizer, 37 Middlesex Street, Waterville, Connecticut," and attention was called to the fact that this notice did not contain a general description of the injuries. The court expressed to the jury its opinion that the assistant city clerk, in writing that notice, did not have in mind the full technical requirements of the statute, and stated to the jury that the notice so prepared was fatally defective in the respect indicated, and that unless that defect were cured by the other notice, Exhibit B-1, the plaintiff could not recover in this action. The court then called the attention of the jury to the further provision of the statute, that no notice given under the provisions of the statute shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, though this clause would not of course apply if there was no description at all; that the inaccuracy would not make the notice invalid or insufficient if there was no intent to mislead or the city was not in fact misled thereby. The court then again called the attention of the jury to the conflict of testimony and left it to them to determine as a fact whether the plaintiff intended to or did mislead the city, and whether the two notices were in fact served as plaintiff's evidence showed. They were instructed that if the facts were as claimed by the plaintiff in these respects, the notice and service were a sufficient compliance with the statute, but if they found that Exhibit B-1 was not served upon the city

and that the defendant's evidence to the contrary was true, then Exhibit A-1 was so fatally insufficient that the verdict must be for the defendant. We gather from the defendant's brief that it felt the plaintiff was bound by the notice Exhibit A-1 and that Exhibit B-1 should not have been submitted to the jury to heal the defect in Exhibit A-1. Exhibit B-1 was properly in evidence and the court properly left to the jury the questions of fact whether it was handed to and read by the assistant city clerk at the time Exhibit A-1 was drawn and filed as plaintiff's evidence showed. The jury obviously believed the plaintiff's evidence upon this feature of the case and this was its right. It is also stated in the defendant's brief, that the effect of the charge was to leave the sufficiency of the notice to the jury "no matter what kind of a notice had been filed" and that the question was one which should have been decided by the court. This contention is unsound. The court did determine the legal effect of the notices. Whether the notices were served and whether they were intended to be or were misleading were questions of fact and were therefore to be determined by the jury, not by the court.

The appellant contends that the charge of the court as to the sufficiency of the notice, which we have summarized, was erroneous. The statute in force at the time this notice was given, required that it be a "written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence," and the last sentence of the statute reads: "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it shall appear that there was no intention to mislead or

that such town, city, corporation or borough was not in fact misled thereby." The issue of fact raised by this provision of the statute was obviously found in favor of the plaintiff. The question then is whether this notice, which was not intended to and did not in fact mislead the city, sufficiently complied with the five requirements of the statute: (a) written notice of the injury, (b) a general description of the same, (c) the cause, (d) the time and (e) the place thereof. Exhibit A-1 clearly covers the requirements of (a), (c) and (d), and Exhibit B-1 certainly contains a general description of the injury, (b). The only fair question which can be raised, relates to the general description of the place, (e). The description in Exhibit A-1 is "a hole on Huntington Avenue" and Exhibit B-1 speaks of "a fall down an embankment . . . on Huntington Avenue." No other intelligent conclusion could have been drawn from these references to the place, than that it was an embankment leading into a large hole in Huntington Avenue, and it excludes, of necessity, any ditch or small hole or gully in the highway.

As originally enacted in 1874, the statute requirement was "written notice of such injury, and the time and place where it occurred." Public Acts of 1874, Chap. 23. We said of this: "The obvious purpose of this requirement is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently." *Shaw* v. *Waterbury* (1878) 46 Conn. 263, 266.

In 1883 the statute was amended to read that the notice must be "of such injury, and the nature and cause thereof, and the time and place of its occurrence." Public Acts of 1883, Chap. 105. In *Tuttle* v.

*Winchester*, 50 Conn. 496, 498, we quoted the statement from the *Shaw* case and added: "It is obvious that in many cases exactness of statement as to the place cannot be expected, for the excitement and disturbance caused by the accident as well as often the pain which a person injured suffers, makes it impossible to observe with any carefulness the place where the accident occurs, and often the person injured is unable to revisit the place within the time allowed by the statute for giving of notice. In such cases reasonable definiteness is all that can be expected or should be required. If the description of the place will enable the town, city or borough, through its proper officers, to ascertain the place by the exercise of reasonable diligence for the purpose, it will be sufficient."

In 1895 another amendment made the statute read as at present: "Written notice of such injury and a general description of the same, and the cause thereof, and of the time and place of its occurrence." Public Acts of 1895, Chap. 172. In commenting upon this last amendment in a case where the nature of the injury was in question, we pointed out that "the intent of the change was to emphasize the generality, and not the particularity, of the description. . . . Its design was not to make the requirements in that regard more strict and technical, but less so, so that the burden placed upon a claimant should be no greater than was involved in a general description, sufficient to apprise the other party of the general character of the injury fairly, and to such an extent as might be reasonably necessary, *under the circumstances*, to reasonably protect his interests." *Cassidy* v. *Southbury* (1912) 86 Conn. 45, 50, 84 Atl. 291; *Dean* v. *Sharon* (1900) 72 Conn. 667, 673, 45 Atl. 963.

The sufficiency of the notice is to be tested by the

purpose of the statute, and not by the requirements of a pleading. It is not a pleading and is not subject to the rules of pleading, and though it lacks that fullness and clearness which we expect in a pleading, it is sufficient if it enables one of ordinary intelligence, using ordinary diligence *under the circumstances,* to ascertain where the injury occurred. *Breen* v. *Cornwall* (1900) 73 Conn. 309, 312, 47 Atl. 332; *Judd* v. *New Britain* (1908) 81 Conn. 300, 304, 70 Atl. 1028. In testing the sufficiency of a notice, it should be remembered also that a general description of the location of a large, or well known or long continued obstruction, or one with which the defendants are already familiar, may be quite sufficient to meet the test, where it would not be if these were not the facts. The circumstances surrounding the transaction and the parties are a proper subject for consideration. "In applying the test the circumstances of each case are to be considered. If, *under the circumstances of a given case,* the notice is sufficient for its intended purpose, it will be regarded as a good notice." *Delaney* v. *Waterbury & Milldale Tramway Co.* (1916) 91 Conn. 177, 181, 99 Atl. 503; *Wood* v. *Stafford Springs* (1902) 74 Conn. 437, 440, 51 Atl. 129; *Judd* v. *New Britain* (1908) 81 Conn. 300, 305, 70 Atl. 1028. In a case in which the present defendant was also the defendant, and the facts closely resembled those of the present case, we said: "The evidence was before the jury that the plaintiff had the city clerk of the defendant draw the notice, and that this notice was at once presented to the board of aldermen of the defendant, and that actual knowledge of the claim was then possessed by them. . . . Upon the evidence the jury might well have found that the plaintiff had sustained the burden of proving the requirements of § 1414 [Rev. 1918]."

*Wladyka* v. *Waterbury* (1922) 98 Conn. 305, 312, 119 Atl. 149.

In the present case, an important fact known to the city authorities at the time they received this notice was, that a bursting water main had made a very large hole in Huntington Avenue, and that it had existed for six weeks or more. The finding of defendant's evidence was that this hole was about twenty feet long, twelve to fourteen feet wide and six or eight feet deep, while the finding of the plaintiff's evidence was that it was about forty feet long and twelve to eighteen feet deep and extended almost across the road. The hole was not therefore an obscure or small one requiring minuteness of description, for it was well known to the city authorities. The size of such a hole would suggest to a reasonable mind the embankment down which the plaintiff fell. Under these circumstances there cannot, we think, be any fair question but that the information given by the notice was sufficient to enable the city authorities, in the exercise of reasonable diligence, to definitely locate the place of the injury. Moreover, any doubt upon this point seems to be set at rest by the fact, conclusively established at the trial, that the city was not misled upon this point. The charge of the trial court upon this notice, was correct, and the ten assignments which we have been considering, contain no reversible error.

Error is assigned in "not charging the jury more fully in regard to damages," and in that the entire charge was "inadequate, insufficient and not adapted to the issues." Counsel must be well aware that such general assignments as these cannot receive consideration by this court. "It violates our rules, and has been so frequently criticised in our decisions that the profession should by this time understand the futility of

making it a ground of appeal." *Walters v. Hansen,* 99 Conn. 680, 683, 122 Atl. 564.

Again it is assigned as error that the court did not find "from the undisputed facts" that the defendant could not make an investigation and was deceived. We have already pointed out that these were in themselves, questions of fact for the jury. Counsel lose sight of the fact that this was a jury trial and no facts are determined by the finding save that certain evidence was offered. Comments by the court upon the testimony are the subject of two assignments. It was the privilege of the court to comment upon the testimony and we fail to find in the quotations given from the charge that the spirit of this salutary rule was in any way violated or the rights of the defendant in any respect prejudiced. What the court said regarding a "special defense" which at one time had appeared in the case, is assigned as error. The attention of the court was called at once to the fact that this had been withdrawn and the jury were thereupon instructed to disregard what had just been said. No prejudice to the defendant could well have resulted. Errors are assigned for permitting the plaintiff to amend the complaint and in the admission of the paper Exhibit B-1. The amendment was within the discretion of the court, and Exhibit B-1 was relevant and admissible evidence.

Eight of the assignments relate to the admission and exclusion of evidence. A careful examination of each of the assignments fails to disclose any ruling thus complained of which can fairly be held reversible error. Many of them are too plainly correct to admit of discussion, while others are immaterial, and do not affect the issues of the case.

The only remaining assignment of error is the denial of the defendant's motion to set aside the verdict of

the jury. So far as we can gather from the record and from defendant's brief and argument, one of the main grounds for this assignment is that the city never received a notice of the plaintiff's injury such as the statute required. General Statutes, § 1420. Most of the claims made under this assignment and the facts upon which they rest have already been fully considered in this opinion and a reading of the four hundred pages of the record discloses no other ground for disturbing the ruling of the court. The jury obviously believed the plaintiff's daughter's testimony, that she handed Exhibit B-1 to the assistant city clerk at the city clerk's office and that it was read by him and that he then stated that he knew the place where the plaintiff fell. He was thus in possession of all the facts given in Exhibit A-1 and Exhibit B-1 before he prepared the former with his own hand and he failed to therein state the facts of the injury given in Exhibit B-1. Under these circumstances the court properly allowed the plaintiff to amend her complaint and the actual facts to go to the jury. The jury evidently believed that the assistant city clerk knew from the first the exact location of where the plaintiff was injured and that he was not therefore deceived by these notices; and likewise accepted the statement of the alderman and member of the law committee whose duty it was to make the investigation of damage claims that he also was not deceived or misled. We are satisfied that upon the evidence before them the jury could reasonably have reached the verdict they did and we do not deem it excessive.

There is no error.

In this opinion the other judges concurred.