MARY GAGLIARDI
*vs.*
H. S. PALMER, ET AL.
(Trustees of N. Y., N. H. & Hartford R. R. Co.)

Superior Court　　　New Haven County　　　File No. 56252

MEMORANDUM FILED OCTOBER 18, 1939.

*William H. Burland,* of New Haven, for the Plaintiff.

*James W. Grady,* of New Haven, for the Defendants.

DICKENSON, J. This much seems well established: the plaintiff fell on the East Street bridge, New Haven, which bridge is maintained by the railroad, and was injured about her coccyx, and this was a result of a defective condition in the bridge. Her fall was called to the attention of the police, the police in turn called it to the attention of the railroad and that same evening the railroad sent its repairmen to the bridge. They looked it over and nailed strips of tin over portions they considered needed repair. They found but one hole that went completely through the flooring of the bridge and this was on the east walk. They nailed strips of tin over places in the bridge including some on the west walk where the ends of join-ing planks had worn or rotted away leaving depressions from one to three inches wide, several feet long, and the depth of the tongue of a plank.

In her notice to the defendants the plaintiff described her fall as on the east side of the bridge. Upon the trial she testi-fied it was on the west side. Her counsel asked leave to amend, claiming a mistake in the notice caused by the use of a sketch of the bridge prepared for him in which the compass directions were reversed, and that there was no intention to deceive, and the defendants were not in fact deceived by the notice.

The amendment was allowed. A demurrer to this was over-ruled. Testimony was offered of the mistake, and as to lack of deception the claim was made that having seen and repaired the alleged defect on the day of the fall the defendants were not prejudiced by the mistake in this notice.

It is said in Marino vs. East Haven, 120 Conn. 577, 579, cited by the defendants, that the purpose of the notice required by the statute is "that the officers of a municipal corporation ....shall be provided with such information as will enable them to intelligently investigate the facts upon which the claim is based." So far as the condition of the bridge is concerned it appears the defendants had the opportunity to and did thoroughly investigate it at once and have been able to offer detailed evidence as to its condition including the west as well as the east walk. It appears there was no intent to deceive and the defendants have not suffered by reason of any deception in any other respects relating to this notice. I hold the plaintiff has proved notice under the statute.

The case differs factually from the *Marino* case in that there an entirely different street was named.

As to the facts of the fall, as is too common in this type of litigation, certain of the witnesses have embellished these as they thought met the occasion. Such a witness was the 16-year-old girl, Josephine Muscalio. Under examination she testified that the hole was so deep that the plaintiff's foot sank in it up to her ankle and she lay on her back with her foot caught in it while she, the witness, pulled it out. The appearance of this plaintiff's shoes, not to mention other evidence in the case, discredits this story.

But the facts remain that the plaintiff apparently caught her foot in a defect and fell, and the description of the nature of the defects of the defendants' repairman at the point claimed, indicate this had existed for a considerable time, and the defendants should have known. With numerous defects of this kind admitted, it does not seem to be an unreasonable inference from the evidence as a whole that the plaintiff's fall was caused by one of them, and that it was where she testified it was.

As to the defendants' claim of contributory negligence, while the plaintiff commonly used the walk and knew of the condition of the bridge, she had the right to use it with the rest of the public. She testified she was walking along watching where she was going. In view of the testimony of the defendants' foreman that he put patches "over everything he thought required it" on both walks of the bridge and estimated he put on between 20 and 30 patches, it seems a reasonable inference that the plaintiff might have been using reasonable care even though she failed to avoid this particular defect that caused her fall, and it is so found.

As to the plaintiff's injuries, in the opinion of her doctor there was an injury which caused pain in her coccyx which persisted after a sprained ankle had cleared up. A consultant surgeon advised an operation on the coccyx which the plaintiff refused to undergo. Without it this doctor thinks her pains may run two or three years. She complains, too, of a back injury. She claims to have been in good health before her fall and rugged enough to do farm work. With a woman of her type the impression is that she has somewhat exaggerated her suffering and disability.

Judgment is directed for the plaintiff to recover eighteen hundred dollars damages.