[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I. FACTS
The plaintiff Mary Justice has brought the present civil action against J. William Burns, Commissioner of the Connecticut Department of Transportation, for personal injuries sustained in a motor vehicle accident on December 5, 1986. The first count of the amended complaint is against the defendant Burns pursuant to Connecticut General Statutes Section 13a-144.
The plaintiff alleges that she gave written notice of the accident to the Commissioner as required by said statute. The notice states the accident occurred on Route 12 in Plainfield approximately 1/10 mile north of its intersection with Route 14. In her amended complaint, the plaintiff also alleges the accident occurred on Route 12 in Plainfield, approximately 1/10 mile north of its intersection with Route 14.
In fact, the accident occurred not 1/10 of a mile north of the Route 14 intersection, but 1/10 of a mile north of the intersection of Route 12 and Route 14A. The actual location of the accident (and the alleged defect) was more than two miles from the location specified in the plaintiff's notice.
The defendant Burns has moved for summary judgment on the grounds that there is no genuine issue of material fact that the plaintiff's written statutory notice was defective in that it failed to accurately notify the defendant of where this accident occurred and therefore, failed to comply with the requirements of Section 13a-144 of the Connecticut General Statutes. CT Page 376
II. SUMMARY JUDGMENT
"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11 (1983). Connecticut Practice Book Section 384. "The party moving for summary judgment has the burden of showing the nonexistence of any disputed issue of material fact." Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984). It is the defendant State's position that there is no dispute as to material facts, and that based on such facts, it is entitled to judgment as a matter of law.
III. SECTION 13a-144
Section 13a-144 provides in part:
 No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the Commissioner.
The notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of the injuries; (c) the cause; (d) the time; and (e) the place thereof. Sizer v. Waterbury, 113 Conn. 145,156, 154 A. 639. The giving of a notice sufficient to satisfy the requirements of the statute is a condition precedent to the maintenance of an action under it. In Marino v. East Haven, 120 Conn. 577, 578, 182 A. 225, the court stated:
 "The obvious purpose of this requirement is that officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently." Shaw v. Waterbury, 46 Conn. 263, 266. If the notice entirely fails to meet the requirements of the statute, the question of its sufficiency is one of law for the CT Page 377 court. Morico v. Cox, supra, 222. The point has been before this court frequently. The inquiry always is: Does the notice reasonably protect the interests of the defendant under the particular circumstances of the case? Sizer v. Waterbury, 113 Conn. 145, 157, 154 A. 639. The wording of the finding that the description of the place where the plaintiff fell "was not misleading to the defendant, State Highway Commissioner and was made without intent to mislead that official," indicates that the trial court may have assumed, contrary to the fact, that Section 2201 contained the saving clause present in Section 2126, which concerns roads other than state highways. (emphasis provided)
Section 13a-144 used to be Section 2201. Section 13a-149 used to be Section 2126.
The plaintiff makes the following argument in opposition to the defendant J. Williams Burns' motion for summary judgment:
 The plaintiff justifiably relied on the police report in describing the place of the injury. There was no intention to deceive and the defendant has not suffered by reason of any deception. Gagliardi v. Palmer, 7 Conn. Sup. 348, 349.
 In preparing said notice, the plaintiff relied upon the police accident report dated December 6, 1986 which was prepared by Officer Kenneth Barber, Badge No. 22. (See attached report) The police report is an official document prepared by a police official with specialized training and experience regarding accident investigation. Further, the investigating officer, being a local officer, can be relied upon to be thoroughly familiar with the specific streets and routes including their particular designation. Officer Barber was just such an officer and his recitation and description of the site of the accident was justifiably relied upon by the plaintiff.
CT Page 378
 It would be inequitable to allow the defendant to avoid liability because of a mistake (failure to designate Route 14A, rather than Route 14) by the police officer in his report.
 The defendant should therefore be estopped from raising said defect as a defense, for if allowed, local or state police could simply by inaccurate reports insulate the town or state from liability.
The Court is not persuaded by the plaintiff's argument. The plaintiff would, in effect, have the Court add to Section 13a-144 the saving clause found in Section 13a-149
that provides that no notice given under Section 13a-149 shall be held invalid or insufficient by reason of an inaccuracy in describing the place of the injury if it appears that there was no intention to mislead or that the municipality was not, in fact, mislead thereby. Sizer does not allow the savings clause in Section 13a-149 be added to Section 13a-144.
The plaintiff also claims that whether the notice was misleading is a question of fact to be determined by the jury and not by the Court. That identical claim was addressed in Ozmun v. Burns, 18 Conn. App. 677, 681 (1989), where the court stated as follows:
 Ordinarily, the question of the adequacy of notice is one for the jury and not for the court, and the case is made clear that this question must be determined on the basis of the facts of the particular case. . . Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet. . .the statutory requirements.
The Court holds that the notice given to the defendant Burns failed to satisfy the statutory notice requirement. The description of the location of the accident was so faulty that it is clear that the defendant Burns would not have been able to ascertain readily the location of the defect and make an intelligent inquiry into the details of the accident. The notice patently fails to meet the statutory requirements. Accordingly, the motion for summary judgment is granted. CT Page 379
AXELROD, J.