[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#103)
On October 30, 1996, the plaintiff, Caridad Noney ("Noney"), filed a one count complaint against the defendant, the Waterbury CT Page 6320 Housing Authority ("WHA"), pursuant to General Statutes §8-67. In her complaint, the plaintiff alleges that she was caused to fall on the sidewalk adjacent to property owned by the defendant, due to the carelessness and negligence of the defendant.[1] Within her complaint, the plaintiff also alleges that she furnished notice of her claim to the defendant on or about December 26, 1992.[2]
On January 9, 1997, the defendant filed a motion for summary judgment, and memorandum in support thereof, claiming that as a matter of law the defendant cannot prevail in her claim because she has failed to satisfy the requirements of General Statutes § 8-67. The plaintiff filed an objection to the motion for summary judgment on January 30, 1997, and a supplemental memorandum in opposition on March 14, 1997. Oral argument was heard by the court, Leheny, J., on February 3, and March 17, 1997. The defendant's motion for summary judgment is currently before the court.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381." (Citations omitted; internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805-06, 679 A.2d 945 (1996).
The defendant claims that the plaintiff never filed a written notice letter, or any other document, evincing an intent to commence an action against it, in violation of General Statutes § 8-67.[3] It is the defendant's contention that, therefore, as a matter of law, the plaintiff cannot prevail in the present action.[4]
In her memorandum in opposition the plaintiff contends that although she did not send a notice to the defendant personally, her mother did provide proper notice via a telephone call which CT Page 6321 she placed to the defendant on December 31, 1996.
"Ordinarily, the question of the adequacy of notice is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet the statutory requirements." (Citations omitted; internal quotation marks omitted.) Bresnan v. Frankel, 224 Conn. 23,27-28, 615 A.2d 1040 (1992), quoting Zotta v. Burns,8 Conn. App. 169, 173, 511 A.2d 373 (1986); see alsoLussier v. Department of Transportation, 228 Conn. 343,357, 636 A.2d 808 (1994) (construing General Statutes § 13a-144, adopting the patent failure test). In the context of this case, the court's role then is not to decide whether the plaintiffs complied with General Statutes 8-67, but whether an issue of material fact regarding compliance with the statute exists.
There is an abundance of case law addressing the adequacy of notice provided by parties under General Statutes §§ 13a-144
or 13a-149. The comments made by courts addressing those statutes are applicable here as those statutes are in derogation of the common law, as is § 8-67. See Martinez v. City of Meriden, Superior Court, judicial district of New Haven at New Haven, Docket No. 365941 (Nov. 6, 1995, Corradino, J.) (15 Conn. L. Rptr. 403); Empronto-McKevitt v. Meriden Housing Authority, Superior Court, judicial district of New Haven at Meriden, Docket No. 227601 (March 1, 1989, Gaffney, J.) (4 CSCR 308) (§ 8-67
must be strictly construed as it is in derogation of the common law).
"In determining whether the notice is sufficient, we must look to the purpose of the statute." Pratt v. Old Saybrook,225 Conn. 177, 182, 621 A.2d 1322 (1993), citing Sizer v. Waterbury,113 Conn. 145, 157-58, 154 A. 639 (1931). "The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of the notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. Wethersfield v. National Fire Ins. Co.,145 Conn. 368, 372, 143 A.2d 454 (1958). More specifically, as we recently stated in Sanzone v. Board of PoliceCommissioners, . . . [219 Conn. 179, 198, 592 A.2d 912 (1991)], CT Page 6322 the `statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims.'" Pratt v.Old Saybrook, supra, 225 Conn. 182. "In applying the test the circumstances of each case are to be considered. If, under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded as a good notice." (Internal quotation marks omitted.) Sizer v. Waterbury, supra,113 Conn. 158, quoting Delaney v. Waterbury Milldale TramwayCo., 91 Conn. 177, 181, 99 A. 503 (1916).
In support of its motion for summary judgment, the defendant has submitted an uncertified copy of its request for admissions dated November 7, 1996.[5] In opposition to the motion for summary judgment the plaintiff has submitted: an uncertified copy of a report entitled "Report of Claim/Incident":[6] a copy of the deposition of Troy Sherffield, Property Manager of the Waterbury Housing Authority;[7] and an affidavit of Carmen Arline, mother of the plaintiff.
Given the insufficiency of the majority of evidence offered by the parties in support of their respective positions, the court will look to the pleadings and the affidavit of Carmen Arline in determining whether there exists a question of material fact.
A reading of § 8-67 reveals that there are six elements to the notice requirement. Specifically, the notice must: (1) be in writing; (2) convey an intention to commence an action; (3) provide the time that the accident occurred; (4) provide the place where the damages were incurred; (5) be filed with the chairman or secretary of the authority; and (6) be filed within 6 months after the cause of action arose.
In her complaint the plaintiff alleges that "[o]n or about December 26, 1992, [she] furnished notice of [her] claim to the defendant, Waterbury Housing Authority." (Complaint dated October 16, 1996, ¶ 12). Also attached to her complaint as "Exhibit A" is a copy of the alleged notice.[8] In the Affidavit of Carmen Arline, the mother of the plaintiff, she attests that "[o]n December 26, 1992 I placed a telephone call to Troy Sherfield (sic), Housing Manager at the Waterbury Housing Authority to inform the Waterbury Housing Authority of the CT Page 6323 circumstances of my daughter's fall and her injuries. During the course of this telephone conversation, I also informed Mr. Sherfield that I felt the Waterbury Housing Authority was responsible for my daughter's injuries." (Affidavit of Carmen Arline, dated March 5, 1997, ¶¶ 7 8).
Finally, in her memorandum in opposition, the plaintiff contends that "although she did not send notice to the Housing Authority personally, she did provide proper notice to one who held herself out as an agent of the defendant. On December 31, 1992, the plaintiff first notified the housing authority of the incident. The plaintiff caused to be written a report describing the incident including, the name of the injured party, witnesses, time, date and place of the fall as well as her injuries." (Memorandum in opposition, dated January 30, 1997, pp. 3-4).
First and foremost, the court recognizes that the written
notice provided by the plaintiff to the defendant, dated February 22, 1994, was not provided within 6 months after the alleged cause of action arose and, therefore, is insufficient to satisfy the notice requirement of § 8-67. Therefore, the court must look at the alleged oral notice provided by the plaintiff's mother to the defendant to discern whether an issue of material fact regarding compliance with the statute exists.
Comparing the actions allegedly taken by the plaintiff in an attempt to provide the defendant with notice, with the required elements within the notice provision of § 8-67, the court cannot escape the conclusion that notice of injury provided by the plaintiff was patently insufficient. Specifically, while the plaintiff was very specific as to the fact that her name, the names of witnesses, the time, the date, and the location of the accident, and the injuries she sustained were all provided to the defendant, nowhere does the plaintiff allege, either orally or in writing, that the defendant was informed that she intended to commence an action against it.
The language of § 8-67 provides no substitute for that requirement, and the court sees no legal justification for reading that requirement out of the statute. "In construing statutes, [the court] presumes that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Internal quotation marks omitted.) State v. Ledbetter, 240 Conn. 317, 331, ___ A.2d ___ (1997), quoting Hayes v. Smith, 194 Conn. 52, 58, 480 A.2d 425
CT Page 6324 (1984).
Even in today's increasingly litigious society; Stevens v.Alexander Trucking Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 543277 (July 6, 1995, Corradino, J.) (14 Conn. L. Rptr. 532); not every misstep, mishap, or misfortune leads to a lawsuit. Informing the Housing Authority of an accident, and informing it that one intends to commence an action are two different and wholly separate things. General Statutes § 8-67 makes it incumbent on the plaintiff to inform the Housing Authority of her intention to seek legal redress so as to facilitate "the settlement of claims promptly in order to avoid the expenses of litigation's and/or to allow the Housing Authority to "get an early start in assembling evidence for its defense against meritless claims." Such purposes simply cannot be served when the defendant has not been put on notice that a claim is being made. See Pratt v. Old Saybrook, supra,225 Conn. 182.
Since it is clear that the plaintiff never informed the defendant of her intent to commence an action, the notice of injury provided to the defendant is so patently insufficient as to require judgment as a matter of law. Therefore, since no issue of material fact regarding compliance with the notice provision of § 8-67 exists, the defendant's motion for summary judgment is granted.
SANDRA VILARDI LEHENY, J.