[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is a personal injury action brought by the plaintiff, Mary C. Taylor ("Taylor") against the defendant, Town of East Haven ("Town"). Taylor alleges that she was injured when she slipped and fell in a pothole. The Town has moved to dismiss the action on two grounds: 1) that Taylor failed to plead any statutory exception to the Town's governmental immunity and 2) that Taylor failed to comply with the notice requirements of General Statutes § 13a-149. A hearing was conducted on the motion on June 29, 1999. At the hearing, the Town withdrew its governmental immunity claim in light of Taylor's Amended Complaint which pleads a cause of action based on § 13a-149.
Section 13a-149 abrogates the immunity that municipalities enjoyed at common law for injuries caused by defective highways.White v. Burns, 213 Conn. 307, 313 (1990). "As a condition precedent to maintaining an action under § 13a-149, a plaintiff CT Page 8852 must provide a municipality with notice that meets the statutory requirements." Martin v. Plainville, 240 Conn. 105, 109 (1997): The statute requires that the notice contain five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof. Pratt v. Old Saybrook, 225 Conn. 177, 180
(1993). A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality. Martinv. Plainville, supra, 109. Section 13a-149 however contains a savings clause that provides:
 No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place of cause of its occurrence, if it appears that there was no intention to mislead or that such town . . . was not in fact mislead thereby.
This savings clause applies only where the information provided in the notice is inaccurate, not where information is entirely absent. Martin v. Plainville, supra, 113 (savings clause inapplicable where notice failed to give any description of injury whatsoever).
The purpose of the notice requirement contained in § 13a-149
is to appraise the municipality of the plaintiff's status for purposes of possible investigation and settlement. Martin v.Plainville, supra, 111. The notice requirement is intended to permit the municipality to gather information to protect itself in the event of a lawsuit. Lussier v. Dept. of Transportation,228 Conn. 343, 354 (1999).
The application of the above legal principles to this case is complicated by the unusual facts surrounding the notice that Taylor gave to the Town. According to Taylor's affidavit, she went to the Town Clerk's Office in East Haven on May 3, 1996 to report her fall down accident that occurred on May 2, 1996. Taylor spoke to the Town Clerk and indicated the time, date and location of her fall. The lady then typed up the notice which Taylor then signed. Taylor received a stamped copy of the notice. After filing the notice, an investigator for the Town contacted Taylor and made an appointment to discuss the circumstances of her fall. Shortly thereafter, the investigator met Taylor for purposes of taking a report and she gave him all of the information about her fall on May 2, 1996 including her injuries, CT Page 8853 treatment and site of the fall. Taylor and the investigator then walked to Taylor Avenue and Taylor showed the investigator the exact point on the roadway where she fell. The investigator took photographs of the location.
The written notice prepared by the person in the Town Clerk's Office and bearing the Town's date stamp of May 3, 1996, reads as follows:
 I was coming out of the senior center and going to my car on Taylor Ave. when I tripped in a pothole on Taylor Ave. I heard a noise in my left shoulder and got quite concerned. I went to CHCP to get immediate attention. I had x-rays taken and it was a bad bruise on the shoulder. My knee was also hurt. I'm suppose to keep my arm in a sling and put ice on it. I cannot lift my arm at all.
The Town argues that this notice is deficient because it does not state the time or place of the injury. Taylor argues that the Town had actual notice of the time and place and that the underlying purpose of the notice requirement — to allow the municipality to investigate the claim in order to defend the lawsuit — was fully achieved.
The written notice, when viewed in isolation, does not state the date of Taylor's injury nor does it precisely describe the place. That, however is not the end of the matter based on the unique facts of this case. The written notice memorialized the oral report Taylor made to the Town Clerk. According to the Taylor's uncontradicted affidavit, the oral report did include the time, date and location of the fall. Stated another way, the Town alleges a defect in form while Taylor claims compliance in substance. Moreover, the Town's investigator was advised of the date and exact location of the fall by Taylor shortly after the incident and, based on Taylor's report, the investigator took photographs of the site. It should be noted that this case does not involve a notice sent to the town by an attorney, but rather the actions of a seventy one year old layperson. On these facts, any technical defect in the written notice can fairly be described as inaccuracies rather than total omissions such as to allow a jury to consider the application of the savings clause. See Sizer v. Waterbury, 113 Conn. 145, 155 (1931) (whether the plaintiff intended to mislead the town or that the town was in fact misled is an issue for the jury). CT Page 8854
For the reasons set forth above, the motion to dismiss is denied.
So Ordered at New Haven, Connecticut this 6th day of July, 1999.
Devlin, J.